The Chicago, St. Louis and Pittsburgh Railroad Company v. Williams.

Filed March 29, 1892.

No. 15,559.

THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY v. WILLIAMS.

RAILROAD.—*Setting Out Fire on Right of Way.—Sufficiency of Complaint.*— For a complaint held sufficient in an action against a railroad company for burning plaintiff's property, see opinion.

SAME.—*Evidence.*—In such action the evidence tended to show that on the defendant's right of way, at the point where it was claimed the fire started, dry grass and weeds, both standing and cut, lying in swaths

The Chicago, St. Louis and Pittsburgh Railroad Company v. Williams.

extended up close to the line of the rails; that passing locomotives frequently dropped coals of fire which sometimes set fire to the ties; that the weather was dry, and the wind was blowing in a direction which would carry fire toward the plaintiff's land, and that a line of fire extended from that point to plaintiff's land.

*Held,* that the evidence was sufficient to sustain a verdict for plaintiff.

SAME.—*Negligence.—Proximate Cause.*—Where the evidence shows that other lands intervened between the right of way, where the fire originated and the plaintiff's land, over which said other lands the fire burned before reaching his land, and that it burned several days before it was finally subdued, being partially subdued several times, and again breaking out, defendant is not relieved from liability on the ground that its negligence was not the proximate cause of the injury. *Pennsylvania Co.* v. *Whitlock*, 99 Ind. 16, disapproved in part.

DEMURRER TO EVIDENCE.—*Practice.*—Where there is a demurrer to evidence the court is bound to accept as true all the facts which the evidence tends to prove, and, as against the party demurring, to draw from the evidence all such reasonable inferences as a jury might draw. If there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the demurrer is directed can be considered, and that which is favorable to the demurring party is deemed to be withdrawn.

From the Blackford Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellant.

*G. W. Steele* and *J. A. Kersey*, for appellee.

McBRIDE, J.—Two errors are assigned: 1st. That the court erred in overruling the appellant's demurrer to the complaint, and, 2d. That the court erred in overruling the appellant's demurrer to the evidence.

The complaint is as follows:

"James R. Williams v. The Chicago, St. Louis and Pittsburgh Railroad Company. The plaintiff complains of the defendant and says he is the owner in fee of the following described land in said Blackford county, Indiana, to wit: The west half of the southeast quarter of section 17, township 28, range 11, and the southwest quarter of the northwest quarter of said section 17, township 23, range 11, containing 120 acres; and that he has so owned the same and all the improvements thereon and appurtenances thereto for

more than ten years last passed; and that on the 6th day of November, 1887, there were 640 rods of fence worth $500, and twenty acres of meadow worth $100, and a barn and building connected therewith worth $50, on said land, and one strawstack worth $50, also hay worth $5, all reasonably worth $1,000, exclusive of the value of said land. And at said date defendant was engaged in running and operating her railroad in the vicinity of said land, and in so doing negligently scattered fire upon her right of way upon her track of her said railroad, which ignited and burned rubbish, grass, weeds and combustible material, which defendant had negligently allowed to accumulate and be on and along her said track on her said right of way, and said fire was by the defendant negligently permitted to spread to and burn and destroy plaintiff's said fences, meadows, barn, and out-buildings and property, without any fault or neglect on the part of the plaintiff, and to his damage $1,000, which is due and unpaid, and for which he prays judgment and for all proper relief.      STEELE & KERSEY,
"Attorneys for Plaintiff."

The specific objections urged to the complaint are: 1st. That the averments of ownership of the property destroyed are insufficient, and, 2d. That the allegations as to the spread of the fire, and destruction of the property, are not sufficient; that the complaint does not charge that the fire reached and destroyed the property by a continuous burning.

In our opinion the complaint states a good cause of action. The rule of practice on demurrer to evidence is so well settled by repeated decisions of this court that it is unnecessary to encumber this opinion with any extended statement, quotation or citation.

We will content ourselves by quoting the rule as stated in one of the later cases:

"*First.* The court is bound to accept as true all the facts which the evidence tends to prove, and, as against the party

demurring, to draw from the evidence all such reasonable inferences as a jury might draw. * * *

" *Second.* If there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the demurrer is directed can be considered, and that which is favorable to the demurring party is deemed to be withdrawn." *Palmer* v. *Chicago, etc., R. R. Co.* 112 Ind. 250.

Numerous cases are cited. The case of *Lake Shore, etc., R. W. Co.* v. *Foster,* 104 Ind. 293, is to the same effect.

There was evidence tending to show that on the appellant's right of way, at the point where it was claimed the fire started, dry grass and weeds, both standing and cut, lying in swaths, extended up close to the line of the rails ; that locomotives, drawing trains of cars, passed there every day, and frequently dropped coals of fire, which sometimes set fire to the ties ; that when the fire complained of started, the weather was dry, and the wind was blowing in a direction which would carry fire toward the appellee's land, and that a line of fire, or a " burnt district," extended from that point to the appellee's land.

We think a jury might, from this evidence, have found the existence of such facts, and have reasonably drawn such inferences as would have sustained a verdict in favor of the appellee.

We think, under the rule, that it might reasonably be inferred that the fire did originate on the appellant's right of way from fire dropped by its locomotives. We do not think the evidence would justify the inference that it escaped from the locomotives through negligence, but that it might reasonably be inferred that it was communicated to the weeds and grass on the right of way because of appellant's negligence in allowing such an accumulation of combustible matter in such close proximity to the line of its track, and that it escaped from the right of way because of the same act of negligence.

The evidence showed that other lands intervened between the right of way and the appellee's farm, over which the fire burned before reaching his land, and that it burned several days before it was finally subdued, being partially subdued several times, and again breaking out. From this counsel for the appellant argue that, conceding that the fire originated on its right of way, it was not the proximate cause of the injury, but was too remote to give rise to liability. *Pennsylvania Co.* v. *Whitlock,* 99 Ind. 16, is cited as supporting this contention. The conclusion reached by the court in that case was perhaps right upon the facts then before the court, and the case therefore correctly decided.

In so far, however, as that case may seem to assert the doctrine that when a fire, which has originated through actionable negligence or wrong-doing, is by the agency of the wind carried to and injures other property, the wind is an independent and intervening agency, which absolves the wrong-doer from liability, it is in conflict with the great weight of authority and is disapproved.

There may be cases when the wind, if of quite unusual and not to be expected violence, should be thus considered, as in case of a tornado.

This, however, we merely suggest, but do not decide, as there is nothing in the facts before us to indicate that the winds which carried the fire onto the land of the appellee were other than the ordinary winds common to that locality at that season of the year.

The recent case of *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229, was, in many of its features quite analogous to this, and the principles involved were thoroughly considered in an opinion citing and reviewing the authorities. In our opinion the circuit court committed no error.

Judgment affirmed, with costs.

Filed March 19, 1892.