No. 1,190.

CHICAGO AND ERIE RAILROAD COMPANY v. LUDDINGTON.

RAILROAD.—*Damages to Land by Fire.*—*Negligence.*—*Proximate Cause.* —*Intervening Agencies.*—If a railroad company negligently suffer fire to escape from its engines, and to communicate with combustible materials negligently permitted to accumulate on its right of way, and if it negligently suffer the fire to escape from its right of way and to the farm of the plaintiff, destroying his fences, etc., the defendant company will be held to respond in damages, notwithstanding there were intervening farms over which the fire had escaped to plaintiff's farm.

SAME.—*Damage to Land by Fire.*—The fact that railroad men and others, immediately after the fire had escaped from the right-of-way, did all in their power to arrest its progress, can not relieve the railroad company from liability.

INTERROGATORIES TO JURY.—*Rejecting.*—*Practice.*—It is not error for the court to refuse to propound to the jury interrogatories which called for answers that amounted to mere legal conclusions upon evidentiary facts.

From the Porter Circuit Court.

*O. Gresham, N. L. Agnew* and *D. E. Kelly,* for appellant. *W. Johnston,* for appellee.

REINHARD, J.—The first error complained of is the overruling of appellant's demurrer to the appellee's complaint. It is contended by appellant's counsel that the complaint fails to show that the alleged negligence of the appellant was the proximate cause of the appellee's injury. It is averred, amongst other things, that the appellant, in running its locomotives and cars over its road, carelessly and negligently omitted to use spark arresters or other appliances to prevent the emission of sparks from said locomotives, and carelessly and negligently omitted to keep its right of way clear of dry and combustible materials, but carelessly and negligently permitted the accumulation of large quantities of dry grass and weeds on the same while the ground was ex-

ceedingly and unusually dry, and there was imminent danger of setting fire and of its spreading rapidly and of consuming the face of the whole country round about, and that under these circumstances the appellant negligently permitted its locomotives to emit sparks of fire into the dry grass, weeds and combustible materials on its right of way, whereby the same were ignited, and negligently permitted the fire so originating on its right of way to spread to and over the adjacent land, and from thence to other lands, until it reached that of the appellee, where it destroyed his fences, trees, meadows, and other property specified, to the appellee's damage $1,000, and that such fire was started and spread to appellee's premises, and such loss resulted without any fault or negligence of the appellee or any of the intervening proprietors or occupants of said lands, but wholly by the fault and negligence of the appellant.

The appellant insists that as there were several intervening farms between the origin of the fire and the land of the appellee, the fire which destroyed the appellee's property can not be successfully connected with the original fire on the appellant's right-of-way, so as to make it the proximate cause of the injury complained of. In support of this contention, appellant's counsel cite us to *Pennsylvania Co.* v. *Whitlock,* 99 Ind. 16. But if the case cited gives any support to the doctrine that if a person negligently set fire to his own premises, and such fire is, by the agency of the wind, carried to and injures other property, the wind is an intervening agency which absolves the wrongdoer from liability, it has been expressly disapproved by the Supreme Court in the case of *Chicago, etc., R. R. Co.* v. *Williams,* 131 Ind. 30, and is in conflict with the ruling of the same court in *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229. See, also, *Brun-*

*nit* v. *Furness*, 1 Ind. App. 401. We think the complaint states a good cause of action.

The next error assigned is that the court erred in refusing to submit to the jury, at appellant's request, certain interrogatories to be answered by them in case they returned a general verdict. The appellant's counsel have not favored us with a reference to the pages and lines of the record where such interrogatories may be found. We have, however, searched the record and found the interrogatories rejected and read them in connection with others propounded to and answered by the jury. Our opinion is that the interrogatories which the court refused to submit called for such answers only as amounted to mere legal conclusions and the evidentiary facts upon which some of these conclusions might be based. The interrogatories answered covered all the legitimate ground upon which the general verdict was based, and the court did not err in refusing to give the others.

The third and last error assigned relates to the overruling of the motion for a new trial. It is urged in this connection that no negligence was shown, but that "from the beginning the section foreman and his gang of men were busily engaged in fighting the fire, and that every possible exertion was made to put it out." It is shown by the evidence that while no one was present at the fire in the beginning, yet immediately after it had spread beyond the appellant's right-of-way the railroad men and the people of the surrounding country came together and did all in their power to arrest its progress. But we do not see how this fact will aid the appellant. The negligence complained of is not so much in allowing the fire to spread after it got beyond control, as in negligently suffering it to escape from appellant's engines and to communicate with the combustible materials neg-

ligently allowed to accumulate on the right-of-way. The result was such as must have been reasonably anticipated by the appellant. The evidence tends to sustain the verdict, and we have found no error for which we feel authorized to reverse the judgment.

Judgment affirmed.

Filed Oct. 9, 1894.