## CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *v.* ROSS ET AL.

[No. 3,032. Filed February 23, 1900.]

**NEGLIGENCE.**—*Railroads.*—*Fires.*—Where a railroad company negligently permitted fire to escape from its right of way and destroy plaintiff's corn stored in cars upon the right of way of another railroad company, the negligence of the latter company in failing to remove the cars upon the approach of the fire will not release the former from liability to the owner of the corn. *pp. 224, 225.*

**EVIDENCE.**—*Negligence.*—*Railroads.*—*Fires.*—In an action against a railroad company for damages to property caused by fire alleged to have escaped from defendant's right of way, the opinion of a witness as to the cause of the fire is not admissible. *p. 225.*

**SAME.**—*Negligence.*—*Railroads.*—*Fires.*—In an action against a railroad company for damages for property destroyed by fire escaping from a depot building, which fire was alleged to have escaped from defendant's right of way, evidence that several fires were set out by an engine of another company on the day of the fire was inadmissible, where there was no evidence that the fire at the depot was caused by the engine in question. *pp. 225, 226.*

**SAME.** — *Weight.* — *Negligence.* — *Railroads.* — *Fires.* — In an action against a railroad company for damages to plaintiff's property caused by fire alleged to have escaped from defendant's right of way, the finding of the court as to the cause and origin of the fire will not be disturbed on appeal where there was evidence fairly tending to support the finding. *p. 226.*

NEGLIGENCE.—*Proximate Cause.*—*Intervening Agency.*—*Railroads.*—*Fires.*—The action of defendant in negligently setting out fire upon its right of way, which escaped to a building from which it was communicated to plaintiff's property, was the proximate cause of plaintiff's loss. *pp. 227-229.*

From the Parke Circuit Court. *Affirmed.*

*S. D. Puett* and *J. S. McFaddin,* for appellant.

*T. N. Rice* and *J. T. Johnson,* for appellees.

COMSTOCK, J.—The appellees, partners in business at Rosedale, Parke county, Indiana, were plaintiffs below. The complaint is in two paragraphs. The first alleges that appellant, on the 29th of September, 1897, carelessly and negligently caused fire to be set out upon its right of way, and that it escaped therefrom into a piece of ground grown up with weeds and grass, lying immediately west of its right of way and east of what is known as the right of way of the Vandalia Railroad Company; that the fire caught in an old depot on the Vandalia right of way, and in two cars of shelled corn, owned by the appellees, standing immediately east of the depot, on the side-track of the Vandalia railroad, burning up and destroying the corn, of the value of $——; also burning up two cribs belonging to appellees standing on the right of way of said Vandalia road, near the depot, of the value of $55. The second paragraph alleges the same facts, with the addition that the appellant, having set out the fire on its right of way, negligently permitted it to escape therefrom, causing the damage for which they sue. The cause was put at issue, and a trial by the court resulted in a judgment in favor of appellees for $420.75.

The only specification of the assignment of error discussed is the action of the court in overruling appellant's motion for a new trial. The only reasons for a new trial discussed are the third, fourth, fourteenth, fifteenth, and sixteenth. Under the familiar rule, all others are waived.

At the time named in the complaint, appellant was operating a coal road that passed through Parke county. A

branch of the Vandalia railroad was being operated through said county and the town of Rosedale. It had abandoned its depot on the northern limits of the town, and moved south into the town. This old depot, after its abandonment, was used as a warehouse by one Bowers. Opposite the old depot, on the east, was a shed; east of the shed a railway switch; twenty-five feet east of that was the main line of the Vandalia road; east of that another switch; east of the last named switch was a wire fence running parallel with the railroad track; 300 feet north was the Y where the two railroad tracks crossed each other. Between the two railroads south of the Y was a V-shaped strip of land, fenced on two sides with a wire fence, next to the rights of way of the railroads, and on the south was a rail fence. On the morning of the 29th of September, 1897, the section men on appellant's road set out fires on its right of way, burning the weeds and grass. The V-shaped piece of land between the two railroads was grown up in weeds and grass which were soon ignited, the fire passing through the wire fence. The warehouse next caught fire, which fire was communicated to the two cars of corn standing on the track near the warehouse. The court below did not render judgment for the destruction of the cribs mentioned in the complaint.

We will consider the reasons for a new trial in the order in which they are discussed in appellant's brief. The fourteenth reason is that the court erred in excluding the following question, and answer thereto, on cross-examination of the witness, Warner McClure: "Was there anything to prevent the engineer at that time from drawing those cars out of there,—the cars with corn in them?" In support of this claim, appellant contends that the following facts were shown: The depot or old warehouse, west of the Vandalia track, had just started to burn. The two cars loaded with corn were immediately east of the old depot. A switch engine, not connected with any car, ran upon the track, coming from the north, near the burning building, stopped,

but made no effort to pull out the cars, which were not at that time on fire, until they were fully burning. A sufficient time elapsed between the engine's coming up and the time the cars caught fire to have pulled them out. The corn had been stored in these cars, which belonged to the Vandalia road, for two weeks, and had been consigned to no one. The engine belonged to and was operated by the Vandalia road. It is contended that, if the Vandalia neglected to draw the cars away from the fire when there was nothing to prevent it from so doing, it was negligence on its part, making it liable to appellees. We think the objection not well taken. The question was the liability of appellant. The fact that the Vandalia had failed of its duty, after the negligence of the appellant, would not release the appellant from liability on account of its negligence.

The fifteenth reason is the refusal of the court to permit appellant's witness, Charles M. Dudley, to answer the following question: "What would you say set the building on fire?"—referring to the old depot building. In this ruling of the court there was no error. It was proper, and this witness was permitted to testify to all that he had observed of the surroundings and of the circumstances of the fire. It was for the court trying the cause, from all the evidence, to determine the cause of the fire.

The sixteenth reason was the refusal of the court to permit the witness, Flannagin, on cross-examination, to answer the following question: "There were a good many fires set out on your right of way?" This witness was the engineer of the Vandalia engine heretofore referred to. Appellant's counsel claim that they had a right to show to the court that many other fires were set out by this engine a short time previous to this fire, and that the witness would have so answered. They insist that the answer to this question "would have a tendency to show the probability as to whether this fire originated from the engine, or whether it originated from the right of way fire."

It is stated in *Chicago, etc., R. Co.* v. *Gilmore*, 22 Ind. App. 466, 470, that "where a particular engine is identified as the one which caused the fire for which the action is brought, evidence that the same engine caused other fires about the same time is admissible and may be considered by the jury as tending to prove the defective condition, or the improper management of that engine at the time it set out the fire in issue; but in such case other fires set out by other engines are collateral matters, and evidence thereof can not be considered by the jury as tending to show the improper construction or imperfect condition of such particular engine or the bad management thereof, and therefore such evidence should not be given any influence in the determination of the jury in such a case." *Jacksonville, etc., R. Co.* v. *Peninsular, etc., Co.*, 27 Fla. 1, 9 South. 661, 17 L. R. A. 33; *Glaser* v. *Lewis*, 17 Phila. 345; *Ireland* v. *Cincinnati, etc., R. Co.*, 79 Mich. 163, 44 N. W. 426; *Nelson* v. *Chicago, etc., R. Co.*. 35 Minn. 170, 28 N. W. 215; *Coale* v. *Hannibal, etc., R. Co.*, 60 Mo. 227; *Lester* v. *Kansas City, etc., R. Co.*, 60 Mo. 265; *Haseltine* v. *Concord R. Co.*, 64 N. H. 545, 15 Atl. 143; *Gibbons* v. *Wisconsin, etc., R. Co.*, 58 Wis. 335, 17 N. W. 132; *Henderson* .v. *Philadelphia, etc., R. Co.*, 144 Pa. St. 461, 22 Atl. 851, 16 L. R. A. 299; Elliott on Railroads, §1243, note. There is no evidence that the fire to the warehouse was caused by the engine, and hence the evidence was properly excluded.

The third reason is that "the decision of the court is not sustained by sufficient evidence;" the fourth, that "the decision of the court is contrary to law." Counsel for appellant discuss these reasons together. In considering these reasons, counsel for appellant ably argue the cause and origin of the fire. Under the issues these questions were submitted to the court. There was evidence fairly tending to support the judgment, and, under the controlling rule, we can not for this reason set it aside. The decision of the court being within the issues, it is not contrary to law.

Counsel for appellant contend that, as the fire was communicated to the old depot or wareroom on the Vandalia right of way, and from thence to the cars containing appellees' corn, there can be no recovery, because the negligence of appellant in setting out the fire on its right of way would not be the proximate cause of the destruction of the corn; that the destruction was caused by an intervening agency. In support of this position the following Indiana cases are cited: *Pennsylvania Co.* v. *Whitlock*, 99 Ind. 16, 50 Am. Rep. 71; *Alexander* v. *Town of New Castle*, 115 Ind. 51; *Davis* v. *Williams*, 4 Ind. App. 487. These cases are to the effect that where some independent agency has intervened, and has been the immediate cause of the injury, the party guilty of negligence in the first instance is not responsible; that the law will not look back from the injurious consequences beyond the last sufficient cause, and especially where human agency has intervened between the original cause and the resulting damage.

The case of *Pennsylvania Co.* v. *Whitlock*, *supra*, is thus referred to in *Chicago, etc., R. Co.* v. *Williams*, 131 Ind. 30, at page 34: "In so far, however, as that case may seem to assert the doctrine that when a fire, which has originated through actionable negligence or wrong-doing, is by the agency of the wind carried to and injures other property, the wind is an independent and intervening agency which absolves the wrong-doer from liability, it is in conflict with the great weight of authority and is disapproved."

There was evidence before the trial court that for a month before the fire the weather had been "exceedingly dry;" that at the time the fire was set out the wind was blowing from the east, "right toward the old depot"; that it continued to blow; that there was no new intervening cause.

The authorities are conflicting as to the application of the maxim, *"Causa proxima et non remota spectatur"*, to the facts in different cases. Some of them we cite: Pierce

on Railroads, 442, and cases cited; *Binford* v. *Johnston*, 82 Ind. 426, 42 Am. Rep. 508; *Billman* v. *Indianapolis, etc., R. Co.*, 76 Ind. 166, 40 Am. Rep. 230; *Henry* v. *Southern, etc., R. Co.*, 50 Cal. 176; *Perry* v. *Southern, etc., R. Co.*, 50 Cal. 578; *Milwaukee, etc., R. Co.* v. *Kellogg*, 94 U. S. 469, 24 L. ed. 256; *Atchison, etc., R. Co.* v. *Stanford*, 12 Kan. 354, 15 Am. Rep. 362; *Fent* v. *Toledo, etc., R. Co.*, 59 Ill. 349, 14 Am. Rep. 13; *Kellogg* v. *Chicago, etc., R. Co.*, 26 Wis. 223, 7 Am. Rep. 69; *Toledo, etc., R. Co.* v. *Muthersbaugh*, 71 Ill. 572.

In the case before us, under the pleadings, appellant was liable if it negligently set out fire on its right of way, or, having set it out on its right of way, negligently permitted it to escape therefrom. There was evidence fairly tending to show that the fire set out by appellant's servants on its right of way passed as a natural consequence, "without the intervention of any independent and responsible human cause," to appellees' property. From this evidence the court could have found that the loss sustained, considering the state of the wind and weather existing at the time, and all the attending circumstances, as shown by the evidence, was the natural and probable consequence of the negligence of appellant, such as might, under the conditions, have been reasonably foreseen, and, therefore, that appellant's negligence was the proximate cause of appellees' loss. *Chicago, etc., R. Co.* v. *Kreig*, 22 Ind. App. 393; *Milwaukee, etc., R. Co.* v. *Kellogg, supra; Small* v. *Chicago, etc., R. Co.*, 55 Iowa 582, 8 N. W. 437; *Adams* v. *Young*, 44 Ohio St. 80, 4 N. E. 599; *Hart* v. *Western R. Corp.*, 54 Mass. 99; *Green Ridge R. Co.* v. *Brinkman*, 64 Md. 52, 20 Atl. 1024; *Kelsey* v. *Chicago, etc., R. Co.*, 1 S. D. 80, 45 N. W. 204; *Yankton Ins. Co.* v. *Fremont, etc., R. Co.*, 7 S. D. 428, 64 N. W. 514; *Kuhn* v. *Jewett*, 32 N. J. Eq. 647; *Frace* v. *New York, etc., R. Co.*, 143 N. Y. 182, 38 N. E. 102; *Billman* v. *Indianapolis, etc., R. Co.*, 76 Ind. 166; *Louisville, etc., R. Co.* v. *Krinning*, 87 Ind. 351; *Louisville, etc., R.*

*Co.* v. *Nitsche*, 126 Ind. 229, 9 L. R. A. 750; *Chicago, etc., R. Co.* v. *Williams*, 131 Ind. 30; *Chicago, etc., R. Co.* v. *Burden*, 14 Ind. App. 512; Shearm. & Redf. Neg., §666 *et seq.*

It was the province of the court to pass upon the question of proximate cause. We can not, as a matter of law, say upon the facts proved, that the court erred. Judgment affirmed.