## CHICAGO AND ERIE RAILROAD COMPANY v. LESH ET AL.

[No. 19,809. Filed April 29, 1902.]

RAILROADS. — *Fire.* — *Intervening Agency.* — *Ordinary Wind.* — A complaint alleging spread of fire from defendant's railroad right of way to plaintiffs' buildings, caused by an ordinary wind, is not demurrable, since an ordinary wind is not a new and independent intervening agency.

From Miami Circuit Court; *C. W. Watkins,* Special Judge.

Action by Joseph A. Lesh and others against the Chicago & Erie Railroad Company for damages from fire escaping from right of way. From a judgment for plaintiffs, defendant appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. O. Johnson* and *M. Winfield,* for appellant.

*A. H. Plummer, N. N. Antrim, E. T. Reasoner* and *J. W. O'Hara,* for appellees.

MONKS, J.—This action was brought by appellees against appellant to recover the value of buildings and other property destroyed by fire on account of the alleged negligence of appellant. A trial resulted in a general verdict in favor of appellees. Answers to interrogatories were also returned by the jury under §555 Burns 1901, §546 Horner 1901. Over a motion by appellant for a judgment in its favor on the interrogatories, notwithstanding the general verdict, and a motion for a new trial, judgment was rendered in favor of appellees.

The assignment of errors calls in question the action of the court in overruling appellant's demurrer to the amended

complaint, the motion for a judgment on the interrogatories, notwithstanding the general verdict, and the motion for a new trial.

It appears from the complaint that fire from the appellant's locomotive fell upon and ignited combustible material which appellant had negligently and knowingly permitted to accumulate and remain upon its right of way for a period of two months at a time of great drouth; that the fire spread to appellant's depot building; that on said day there was an ordinary wind blowing, and appellant negligently permitted the sparks and coals from said fire so started upon its right of way to escape and spread therefrom, and be carried by said wind to and communicate with appellee's said buildings and other property located upon their premises, which were adjacent to said right of way, and to burn and completely destroy the same.

Appellant insists that under the decision of this court in *Pennsylvania Co.* v. *Whitlock,* 99 Ind. 16, 50 Am. Rep. 71, the wind was a new and independent intervening agency and for this reason the amended complaint was insufficient. The decision in the last named case that an ordinary wind was a new and independent intervening agency was expressly overruled in *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30, 34, and was clearly disapproved by what was said in *Louisville, etc., R. Co.* v. *Nitsche,* 126 Ind. 229, 234-238, 9 L. R. A. 750, 22 Am. St. 582. See, also, *Chicago, etc., R. Co.* v. *Ross,* 24 Ind. App. 222, 227; *Chicago, etc., R. Co.* v. *Luddington,* 10 Ind. App. 636, 637; Note (c) to *Gilson* v. *Delaware, etc., Canal Co.,* 36 Am. St. 824. The court did not err in overruling the demurrer to the amended complaint.

The other questions argued by appellant have been decided adversely to its contentions in *Pittsburgh, etc., R. Co.* v. *Indiana, etc., Co.,* 154 Ind. 322; *Chicago, etc., R. Co.* v. *Williams,* 131 Ind. 30.

Judgment affirmed.