--------------o--------------

## ALBERTSON *v.* WILLIAMS.

APPEARANCE—CONTINUANCE.—A voluntary appearance is equivalent to the service of process. But where a defendant thus appears on the same day on which the complaint is filed in open court, he is entitled to a continuance, if he demands it, before taking any other step in the cause, or submitting to a rule to plead.

APPEAL from the *Howard* Common Pleas.

FRAZER, J.—Upon the entry of a proper order of the court below, making distribution of the assets of an estate, and directing, among other things, $105.33 to be paid to the appellant, the appellee filed a paper, entitled "*Henry Williams* v. *The Estate of Henry P. Albertson*, deceased," representing that the money distributed had been derived from the sale of real estate, of which the intestate died seized, and that the appellant had, in 1856, by warranty deed, conveyed his interest in the real estate to one *Cooper*, and that *Cooper* afterward conveyed the same to the appellee, thus entitling him to the money ordered to be paid to the appellant, for which he demanded judgment. An attorney immediately appeared for the "the defendant," whom we suppose to be the administrator, and filed a demurrer, on the ground: 1. That the "complaint" did not state sufficient facts. 2. That the appellant should

have been made a defendant. The demurrer was overruled. The attorney for "defendant" then filed his affidavit, entitled "*Henry Williams* v. *Nixon Albertson*," for a continuance, showing that he was "the defendant's" attorney; that the defendant was a soldier in the army; that he was employed by the defendant's wife; that he could prove by an absent witness facts constituting a good defense, which are specified; that the witness resided in another county, and there had been no opportunity to procure her attendance. A motion for a continuance, on this affidavit, was overruled. An answer was then filed on behalf of the appellant, a trial had, and an order made that the administrator pay the money to the appellee.

This was a novel and summary proceeding from beginning to end. We know of no warrant by which the Court of Common Pleas could take the money belonging to the appellant as distributee, and pay it to the appellee, without giving the former a hearing. The demurrer should therefore have been sustained. But this error was subsequently cured by the appellant's attorney appearing, moving for a continuance, and pleading, and thus making him a party. What he expected to gain for his client by doing this we can not imagine. The affidavit was not sufficient to obtain a continuance because of absent testimony; for it does not state that the evidence is true; but, luckily for the appellant, his rights were not wholly waived. By mere good luck a continuance generally was demanded, and an exception taken to the refusal of the court to give it. A voluntary appearance is equivalent to a service of process. A party is at liberty thus to save costs. But where a defendant thus appears on the same day on which a complaint is filed in open court, he is entitled to a continuance, if he demands it, before taking any other step in the cause, or submitting to a rule to plead; and this, even without affidavit, unless there is some agreement to abridge this right. In this case, the attorney, by some

fortunate accident, happened to demand a continuance in the very act of appearing.

Judgment reversed, with costs; cause remanded, with directions to set aside all proceedings subsequent to the appearance of the appellant.

*James W. Robinson,* for appellant.

*W. M. Waters,* for appellee.