Rich *v.* Starbuck.

---

## RICH *v.* STARBUCK.

APPEAL.—*Notice to Co-Defendant.*—When one of two defendants appeals to the Supreme Court, and the other defendant voluntarily appears and declines to join in the appeal, this renders notice to the latter unnecessary.

SAME.—*Transcript.*—Several judgments cannot be included in one transcript, and brought to the Supreme Court on appeal, simply because they are between the same parties, and relate to the same subject-matter. The transcripts must be distinct, and must be separately certified.

From the Wayne Common Pleas.

*I. B. Morris*, for appellant.

*W. A. Bickle*, for appellee.

OSBORN, J.—The appellee has filed a motion to dismiss this appeal, for two reasons:

1. Because the appellant has failed to serve a notice of the appeal on his co-party below, and file proof thereof with the clerk of this court, as required by section 551, 2 G. & H.

Rich *v.* Starbuck.

Daniel C. Rich was a co-party with the appellant in the court below, and did not join in the appeal. Notice was given to him by a notice issued by the clerk of this court, at the written request of the appellant, which was served in the same manner as a summons in other cases. The official return of the officer serving it was filed with the clerk. The notice and proof of service were sufficient. But Daniel C. Rich appeared and declined to join in the appeal, which rendered a notice unnecessary. A voluntary appearance is equivalent to service of process (*Albertson* v. *Williams*, 23 Ind. 612,) and waives defects in process. *The New Albany and Salem Railroad Co.* v. *Combs*, 13 Ind. 490 ; *Templeton* v. *Hunter*, 10 Ind. 380 ; *Free* v. *Haworth*, 19 Ind. 404.

2. The second ground for dismissal is, that the appellant has blended and joined in one record two distinct judgments and causes in separate suits, in one several appeal, and there is no separate certificate of the clerk below of the correctness of the first record.

The transcript contains a complete record of two distinct and separate actions. The first is an action by the appellee against the appellant and Daniel C. Rich, upon a promissory note, and the proceedings therein, and judgment against them. Immediately following, as if it formed a part of the same case, is a complete record of a complaint and the proceedings therein, filed by the appellant and his co-defendant in the other action, for a new trial for newly-discovered evidence, after the term at which judgment was rendered, under section 356, 2 G. & H. 215. To which is annexed the certificate of the clerk, in the form usually adopted in certifying or authenticating a single record.

(Perhaps the allegations in the complaint show that it was "material new matter" that was discovered, and that the complaint should have been filed for a review for that cause, under Art. 28, 2 G. & H. 279; *Nelson* v. *Johnson*, 18 Ind. 329.)

There are six assignments of error. The first, second, third, and fourth are alleged errors in the case of *Edward*

*Starbuck* v. *Daniel C.* and *William C. Rich.* The fifth and sixth are alleged errors in the case of *Daniel C. Rich* and *William C. Rich* v. *Edward Starbuck.*

The complaint for a new trial was an independent proceeding, and not in any sense a continuation of the original action. (*Huntington* v. *Drake*, 24 Ind. 347); so much so, that it was necessary that the complaint should show what were the issues in the original action. *Glidewell* v. *Daggy*, 21 Ind. 95. "It is necessary to state the issues and evidence in the trial, and also the newly-discovered evidence, to enable the court to judge whether the newly-discovered evidence, considered in connection with that which was before introduced, would, under the issues, change the result." *Rickart* v. *Davis*, 42 Ind. 164. Now, if it was a continuation of the same case, as contended by the appellant, the pleadings in that case would be before that court, and it would know what the issues were, as well as when the motion for a new trial is made during the term at which the judgment is rendered. But when the application is made after the term, a complaint must be filed, "on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for hearing at the term at which the summons is returned executed, and shall be summarily decided by the court, upon the evidence produced by the parties." Sec. 356, *supra.*

The statute allows appeals from judgments in the circuit and common pleas courts, but it does not contemplate that several judgments shall be included in one transcript, and brought to this court in one appeal, simply because they are between the same parties, and relate to the same subject-matter. Nor does section 558, 2 G. & H. 273, authorize the clerk to blend and join two separate and distinct judgments in one record, and authenticate them by one certificate. The transcript in each cause must have a separate certificate, to entitle it to recognition by this court on appeal, when objection is made. We are not willing to sanction the practice

of appealing two causes in one record, and thus uniting them in one appeal.

The appeal is dismissed, with costs.