## ROACH v. BAKER ET AL.

[No. 17,825. Filed May 25, 1896. Rehearing denied June 12, 1896.]

APPEAL.—*When Co-parties Must be Joined.*—In order to confer jurisdiction upon the Supreme Court, of an appeal by one of the two defendants against a judgment ordering a writ of assistance to issue against both, the other defendant must be joined as a co-appellant, unless it is a term time appeal under Act of 1895, p. 179.

SAME.—*Separate Causes Not Appealable In One Record.*—Separate causes by the same plaintiff against different defendants, involving the same questions, but between which there is no necessary connection, cannot be included in the same appeal when there has been no consolidation in the trial court; although by agreement the evidence taken in one cause was considered in the other, and the special findings of facts and conclusions of law in both cases embodied in one instrument.

From the Elkhart Circuit Court. *Dismissed.*

*Osborne & Zook*, for appellant.

*A. Deahl*, and *Baker & Miller*, for appellees.

McCabe, J.—The administrator of one Hulda Roach obtained an order of the Elkhart Circuit Court, authorizing and requiring him to sell certain lands of

which she died seized, situate in said Elkhart county. The order was made on a petition making parties thereto all the heirs of said Hulda, among whom were the appellant, her surviving husband, and one Elmer L. Roach. The land was ordered sold to discharge liens thereon and to make assets to pay debts generally. The appellee Baker, at said administrator's sale, became the purchaser of one parcel of the land and the appellee Clark another. They each received an administrator's deed, pursuant to the sale to each, under the approval of the court. Thereafter they each filed a separate petition against appellant and Elmer L. Roach, setting up all the facts already mentioned, and many others, and alleging that said appellant, Thomas W. Roach, and said Elmer L. Roach, were in possession of the premises and refused to surrender them, though they had been made parties defendant to the petition to sell aforesaid, concluding with a prayer for a writ of assistance in each case.

The issues formed upon each of said petitions were tried by the court without a jury, after an agreement to hear the evidence in the two cases at the same time, which was accordingly done, resulting in a special finding of the facts, on which the court stated conclusions of law leading to judgment against the defendants, ordering a writ of assistance to issue against both defendants to place them out of possession.

The defendant, Thomas W. Roach, alone has appealed, but he has not made his co-judgment defendant, Elmer L. Roach, a party to the appeal, either as appellant or appellee. He should have been made an appellant, in order to confer jurisdiction of the appeal on this court. *Wood* v. *Clites*, 140 Ind. 472, and cases there cited; *Rosenbower* v. *Schuetz*, 141 Ind. 44; *Hutts* v. *Martin*, 141 Ind. 701; *Gregory* v. *Smith*, 139

Ind 48; *Bozeman* v. *Cale*, 139 Ind. 187; *Hutts* v. *Martin*, 131 Ind. 1.

The appeal is, therefore, dismissed for want of jurisdiction.

## ON PETITION TO REINSTATE THE APPEAL.

McCABE, J.—It is urged, in support of the motion to reinstate the appeal, that it was a term-time appeal, and hence, under the act approved March 9, 1895, it is contended that it is not necessary to make all co-parties to the judgment below parties to the appeal. Acts of 1895, p. 179. That is the effect of that act. We find, on a careful re-examination of the transcript, that the appeal in this case was a term-time appeal, and hence the failure to make one of the co-parties to the judgment below a party to the appeal is no cause for the dismissal of the same, under that act. We were led to suppose that it was a vacation appeal by the action of the appellants giving notices thereof which are attached to the transcript.

Such notices are wholly unnecessary in a term-time appeal. But we find an insurmountable objection to the reinstatement of the appeal and sufficient reason why this appeal cannot be prosecuted.

As is stated in the original opinion, there were two separate petitions filed below against the Roaches, praying for a separate writ of assistance in each case against them, one by appellee Baker and the other by the appellee Clark.

These petitions show that each petitioner was a separate purchaser of a separate and distinct piece of real estate from the administrator of Hulda Roach, deceased.

Separate answers and replies were filed in each case, and separate issues were made in each. The two

cases thus made had no connection with or relation to each other, except that each piece of land was purchased of the administrator of the same estate by different purchasers, who became the different and separate plaintiffs below. The two cases were just as separate and distinct as if the purchases had been made of administrators of different estates.

There was no order of court or agreement of the parties consolidating the two cases.

The record states that: "By agreement of parties herein, the court now hears the evidence at the same time in both matters, that is in the petition for a writ of assistance on the part of said Clark, and also on the part of said Baker, against said Roach, and the evidence by one shall be considered in the action for the other."

At the commencement of the special finding of facts by the court, it is recited that: "The court having been requested by Thomas W. Roach to make a special finding of facts and state conclusions of law thereon, on the issues between him and John Clark, and also Francis E. Baker, in their respective applications for a writ of assistance, and upon the agreement of the parties made in open court that the finding of facts and conclusions of law thereon should be embodied in one instrument with the same effect as if found separately in each case, finds the facts as follows:" And then follows the facts in relation to both purchases and in support of the issues on both petitions.

But these two causes, with separate and distinct party plaintiffs, whose interests are separate and distinct from each other, the issues and the judgment in each of which are separate and distinct from the other, are attempted to be united in one appeal in one transcript, with two separate and distinct assign-

ments of error, such as would be appropriate had there been separate appeals and transcripts against each of the successful plaintiffs.

In short, the attempt is made to embrace two separate causes and appeals in one transcript and in one appeal, where there is no necessary connection between the causes or appeals, and where there has been no consolidation of the causes in the trial court.

It was held by this court that such a thing cannot be done in *Rich* v. *Starbuck*, 45 Ind. 310, and for that reason the appeal was dismissed. It was there said: "The transcript contains a complete record of two distinct and separate actions. * * * The statute allows appeals from judgments in the circuit and common pleas courts, but it does not contemplate that several judgments shall be included in one transcript, and brought to this court in one appeal, simply because they are between the same parties, and relate to the same subject-matter. * * We are not willing to sanction the practice of appealing two causes in one record, and thus uniting them in one appeal. The appeal is dismissed, with costs."

The appellant in the present case has no right to prosecute this appeal in its present form, and hence he has no right to have it reinstated.

The petition to reinstate is therefore overruled.