### INSURANCE COMPANY OF NORTH AMERICA AND PHŒNIX INSURANCE COMPANY *v.* OSBORN.

[No. 3,339.    Filed January 10, 1901.]

APPEAL AND ERROR.—*Separate Appeals.—Clerk's Certificate.*—Where two suits against different defendants were consolidated by agreement a single transcript for an appeal was sufficient, and the fact that separate judgments were rendered against the defendants, and separate appeals taken, and separate errors assigned, does not require a separate certificate of the clerk to the transcript for each defendant below. *p. 89.*

INSURANCE.—*Open Policy.—Overvaluation.— Agent.—* An overvaluation of property in an open fire insurance policy under which the insurance company is liable only for the actual value of the property lost is immaterial, even though the insured was the company's agent. *p. 90.*

CONTRACTS.—*Rescission by Defendant.—Restoring Worthless Consideration.*—A party that has repudiated a contract of compromise settlement and done all in its power to rescind it, and has refused to pay a draft on itself given in payment of the amount of its debt agreed on, denying all liability, cannot successfully object that the other party before bringing suit on his original cause of action failed to return the draft which it had in effect pronounced worthless. *pp. 90, 91.*

Insurance Co., etc. *v.* Osborn.

EVIDENCE.—*Opinion.*—*Burning House.*—The opinion of a witness as to whether or not goods could have been removed from a burning building and saved is not competent evidence.   *p. 92.*

APPEAL AND ERROR.—*Instructions.*—*Signing and Filing.*—Instructions which are merely copied into the record by the clerk without being made a part thereof by bill of exceptions or order of court, and which are not signed nor shown to have been filed with the clerk present no question on appeal.   *p. 92.*

TRIAL.—*Interrogatories to Jury.*—*Conclusions.* — An interrogatory which asks the jury for a legal conclusion, such as what was said and done in the way of rescinding a contract of settlement, may not properly be submitted to the jury.  Interrogatories should relate only to material facts.   *pp. 92, 93.*

APPEAL AND ERROR.—*Interrogatories.*—The fact that an answer to an interrogatory which is consistent with the general verdict is not supported by the evidence is not cause for overthrowing the verdict.   *p. 93.*

From the Fulton Circuit Court.  *Affirmed.*

*C. Kellison* and *H. A. Logan,* for appellants.

*S. Parker, E. C. Martindale* and *S. N. Stevens,* for appellee.

ROBINSON, J.—Appellee sued on policies of fire insurance issued by appellants.  The actions were separate, but as the questions involved were identical, after the issues were formed the two cases were by agreement of parties consolidated for trial.  Separate judgments were rendered against each and each appellant has assigned error.  But one transcript has been filed.

It was proper for the court to consolidate the two cases for trial, upon agreement of the parties, and the questions saved may be presented by one transcript.  The fact that separate judgments were rendered and separate appeals taken and separate errors assigned does not require a separate certificate of the clerk to the transcript for each defendant below.   Elliott's App. Proc. §197;  *Roach* v. *Baker,* 145 Ind. 330.

To each complaint were filed answers each in six paragraphs, the first of which was the general denial.  A demurrer to the third, fourth, fifth, and sixth paragraphs

was overruled, and sustained to the second paragraph. The second paragraphs of answers are quite long but they plead, in substance, that the policies were obtained by false and fraudulent representations of facts and concealment of facts as to the value of the property made by appellee, who was the agent of the companies when the policies were issued.

By the terms of the policies it is expressly provided that the companies were not liable beyond the actual cash value of the property at the time of the loss. The policies were not valued but were open policies. The companies were liable only for the actual value of the property lost. In such a policy an over-valuation of the property is immaterial. *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Cox* v. *Aetna Ins. Co.,* 29 Ind. 586. If such a representation in such a policy is not material to the risk, does not increase the risk in any way, we fail to see any reason for saying that because the insured was at the time the company's agent such representation by him was material.

The sixth paragraph of answer of appellant Phœnix Insurance Company alleges that after the fire the company sent its adjuster to adjust the loss; that he and appellee agreed upon the amount of the loss; that the appellee accepted an order or draft for the agreed amount "drawn by R. C. J. Pendleton, adjuster of Phœnix Insurance Co., of Brooklyn, N. Y., on Eugene Harbeck, general agent of said company at Chicago, Ill., payable to the order of John Osborn, in full of all loss" under the policy sued on "and at the same time and in connection with said adjustment and settlement the plaintiff did in consideration of said settlement and draft or order execute a receipt whereby he acknowledged full satisfaction of all claims whatsoever arising out of the loss and claim sued on, and plaintiff at the same time surrendered the policy of insurance sued on to the defendant and that ever since said time and now retains said order or draft."

Appellee replied to this answer that there was an adjustment of the loss which was found to have been $2,600; that immediately thereafter, upon the adjuster's promise to make immediate payment, appellee agreed to accept in full payment of the Phœnix company's liability $934.17; thereupon the adjuster delivered appellee a sight-draft on the company and on Eugene Harbeck, general agent, for that sum; that appellee sent this draft to appellant for collection, which it refused to, pay, claiming appellee had burned his property; that the draft was protested and returned to appellee, and before any action was brought the company had refused to pay the draft and refused to confirm the adjustment and to pay anything on account of the draft and adjustment, and notified him of such refusal and caused the receipt executed by appellee and the draft to be returned to him; that after the company's refusal to abide by the adjustment and its refusal to pay the draft appellee brought this action.

It is a general rule that where a party has been induced by fraud to part with property, he may rescind the contract, but must first restore or offer to restore anything of value he may have received. But in the case at bar the company rescinded the contract. It refused to pay the draft and denied any liability and gave as its reason that appellee had burned his property. The company itself had in effect said the draft had no value. The company itself rescinded the contract and had done all that could be done to repudiate the contract of settlement before suit was brought. It is not claimed there was any fraud or mistake of fact in the settlement. Appellee was not required before bringing suit to return to the company something which the company itself said had no value. When the company repudiated the settlement, refused to pay the drafts and gave the reasons for its refusal, appellee was authorized to treat the drafts as worthless and to proceed in the matter as he could have proceeded had no attempted settlement been made. The demurrer to the reply was properly overruled.

Certain offered evidence was properly rejected because it amounted merely to an opinion by the witness. It was possible for witnesses to describe all the circumstances and conditions existing as they saw them at the building at the time of the fire, and leave the jury to say whether or not goods could have been removed from the building. This is clearly a case in which all the facts could have been presented to the jury in an intelligible form so that the jury would be as well qualified as the witness to form a conclusion. It does not appear that the case is one which falls within any exception to the general rule, that "When the case is one in which all the facts can be presented to the jury, then no opinion can be given, because the jury are as well qualified as the witness to form a conclusion." *Carthage Turnpike Co.* v. *Andrews,* 102 Ind. 138, 52 Am. Rep. 653; *Cleveland, etc., R. Co.* v. *Gray,* 148 Ind. 266.

No question is saved upon the instructions. A number of instructions purporting to have been given are copied into the transcript. Those given by the court of its own motion and those given at the request of appellants are not signed. It is not shown that any of the instructions were ever filed with the clerk. They have not been brought into the record either by order of court or by any bill of exceptions. *Week* v. *Widgeon,* 23 Ind. App. 405 and cases cited.

The court refused to submit the following interrogatory to the jury: (27) "If the defendants each did rescind the adjustments and settlements, in what manner did each rescind the same? That is, what did each do in the way of rescinding the adjustment and settlement?" An interrogatory may rightfully be submitted to the jury only upon some particular question of fact material to the cause. *Chicago, etc., R. Co.* v. *Ostrander,* 116 Ind. 259. The above interrogatory assumes that the jury might find there had been a rescission; but that would be a legal conclusion which a jury may not make. The effect of the interrogatory is a request for the jury to say what was said and done

which in their opinion amounted to a rescission of the adjustment and settlement.

The jury answered in other interrogatories thât the companies did not pay the drafts; that they were protested for non-payment; that they refused to abide by the adjustment and pay the drafts because of matters communicated to them by an agent, and because they were informed and believed that appellee had burned the property. So that even if it should be conceded that the interrogatory was a proper one there was no reversible error in refusing to submit it to the jury. See *Louisville, etc., R. Co.* v. *Hubbard,* 116 Ind. 193; *Louisville, etc., R. Co.* v. *Pedigo,* 108 Ind. 481; *Louisville, etc., R. Co.* v. *Cauley,* 119 Ind. 142; *Gates* v. *Scott,* 123 Ind. 459; *McCullough* v. *Martin,* 12 Ind. App. 165.

The jury answered an interrogatory that after the drafts were protested and returned to appellee they had no value, and it is argued there is no evidence to sustain this answer. If we treat this answer as anything more than a mere conclusion, it is not inconsistent with the general verdict. There is evidence in the record to sustain the general verdict. Being consistent with the general verdict, an answer could not overthrow the verdict because not supported by the evidence. *Board, etc.,* v. *Nichols,* 139 Ind. 611.

There is no error in the record for which the judgment should be reversed. Judgment affirmed.