[S. F. No. 3241.   Department Two.—May 29, 1905.]

## D. W. SAMPSON et al., Appellants, v. WILLIAM HUGHES et al., Respondents.

NEGLIGENCE—SETTING AND SPREADING OF FIRE—PLEADING—CHOICE OF PROOF.—Where a complaint in an action brought under section 3344 of the Political Code alleges both the negligent setting fire by defendants to their own woods, and also the negligent suffering of the fire to extend beyond their own land, to the injury of plaintiffs' property, the plaintiffs are not required to prove both allegations, but may recover upon proof of injury resulting from either cause.

ID.—CONTRADICTORY INSTRUCTIONS—ERROR AGAINST APPELLANTS.—Where the court gave proper instructions for the plaintiffs as to the proof required, and contradictory instructions for the defendants, that plaintiffs must prove both grounds of recovery alleged, the giving of such contradictory instructions is reversible error upon plaintiffs' appeal from a judgment for the defendants.

ID.—EVIDENCE—CONCLUSION OF WITNESS—PROVINCE OF JURY.—A question calling for the conclusion of a defendant as a witness for himself as to the question of negligence, which it was the province of the jury to determine, was erroneously allowed.

ID.—DESIRE OF DEFENDANT.—It was erroneous to allow a defendant to testify that he did not have any wish or desire to allow the fire to extend to plaintiffs' land.

ID.—STARTING OF FIRE BY BOYS—REBUTTAL.—After evidence by a boy that he and his brother caused the fire by burning a rat's nest, it was error to refuse to allow rebutting evidence to show that the route described by him as having been traveled was impossible owing to brush and débris.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

George C. Ross, for Appellants.

Edward F. Fitzpatrick, for Respondents.

McFARLAND, J.—This action was brought under section 3344 of the Political Code, which is as follows: "Every person negligently setting fire to his own woods, or negligently suffering any fire to extend beyond his own land, is liable in treble damages to the party injured." At the time mentioned in the complaint plaintiffs were the owners of a certain tract of timber land upon which they had a shingle-mill and considerable personal property, and defendants were the owners of another tract of timber land adjoining that of plaintiffs. It is averred in the complaint that on or about September 12, 1900, defendants negligently, etc., kindled and set out fire in the woods on their said land, and that said fire was permitted by defendants to continuously remain and burn on the said land until the twenty-first day of said September, on which last-named day the defendants negligently omitted to watch and guard the fire so as to prevent it from spreading across their land to the lands of plaintiffs, and negligently suffered it to extend on to plaintiffs' land, and that it did so extend and burned up and destroyed a large amount of plaintiffs' property on their land, to their great damage, etc. These averments were denied in the answer; and upon the trial the jury returned a verdict for defendants and judgment for them was entered accordingly. From this judgment and from an order denying their motion for a new trial plaintiffs appeal.

Appellants rely for reversal on certain alleged errors committed in rulings upon the admissibility of evidence, and in giving and refusing instructions to the jury. The rulings as to the admissibility of evidence are, perhaps, not very important, and some of them will be noticed hereafter; the controlling questions in the case arise out of rulings as to instructions.

Whether or not there was any material and prejudicial error committed in the matter of giving and refusing instructions depends on the question whether plaintiffs, in order to recover, were bound to prove both of these facts, to wit:

That defendants negligently set fire to the woods, and also that they negligently allowed the fire to escape and spread onto plaintiffs' land—or whether it was sufficient for them to prove one of those facts. Appellants contend that the instructions as to this question were contradictory and confusing; that those given at the request of appellants are correct, and those given at the request of respondents are erroneous; and that therefore the judgment and order must be reversed. We see no sufficient answer to this contention. Respondents argue that a judgment will not be reversed for contradictory instructions where those favorable to the appellant, and given at his request, are erroneous—citing *Dennison* v. *Chapman,* 105 Cal. 447, and other cases; but admitting such to be the rule, it does not apply here, where correct instructions given at appellants' request were contradicted by erroneous instructions given at the request of respondents. The court, at plaintiffs' request, gave these two instructions. The italics are ours:—

"1. The plaintiffs in this case may prove negligence on the part of the defendants, both in setting out fire and in suffering it to escape, or they may prove negligence in either. In other words, plaintiffs may prove negligence in the act of setting out fire, or negligence in omitting to properly control a fire burning on their premises so that it escaped therefrom, and, therefore, the court instructs you that if the plaintiffs have proved that the defendants have *either* negligently set out fire in their own woods, *or* negligently suffered *any fire burning on their lands* to extend beyond their own lands, and the plaintiffs thereby suffered damage, then the defendants are liable for such damages, and plaintiffs will be entitled to a verdict in their favor for such damage as you may find plaintiffs have suffered, if any.

"2. The court instructs you that if you believe from the evidence in this case that the plaintiffs suffered injury by any negligent act of the defendants in setting out fire, or by any negligent omission of the defendants in suffering any fire burning on their land to extend beyond their land, then the plaintiffs are entitled to a verdict for damages for the injury so suffered."

These instructions are, in our opinion, correct. Respondents contend that because it is averred in the complaint that

the respondents negligently set fire to the woods, and also that they negligently permitted the fire to extend on to appellants' land, therefore appellants were bound to prove both those allegations. We do not think that this contention is maintainable. Perhaps the pleading would have been in better form if setting out fire had been averred in one count, and negligently allowing fire to spread in another count; but both facts are averred, and proof of either would support a judgment. If, for instance, appellants could have proved that respondents negligently allowed the fire to spread from their land to the land of appellants by which appellants were damaged they would have been entitled to judgment without also proving the other averment that respondents started the fire, for the proof of this last-named averment would then have been unnecessary. Where a complaint contains averments of facts sufficient to constitute a cause of action he is entitled to judgment upon proof of such facts, although he may have averred other facts which he has not proved. And if the damage was caused by a fire which respondents negligently set out, appellants were entitled to recover, whether or not respondents afterwards used care in trying to stop its spread, but failed to prevent the mischief.

But the court afterwards gave instructions which are inconsistent with and contradictory of the said instructions numbered one and two, given at appellants' request, and which are to the point that appellants, in order to recover, must prove that respondents negligently set out the fire, and also negligently failed to watch and guard it. Instructions numbered four, six, and seven, given at the respondents' request, are to that effect. For instance, said instruction numbered seven is as follows: "I instruct you that, as a matter of law, the mere proof of the setting out of the fire complained of, by the defendants, or by either of them, in their own woods (if you should find that said defendants, or either of them, did in fact set out a fire therein), coupled with the further proof that said fire so set out (if you should find that the fire complained of was set out by the defendants, or by either of them, in their own woods), did, in fact, spread to the lands of plaintiffs, to plaintiffs' damage as complained of, would not justify you, under the law, in rendering a verdict in favor of the plaintiffs in any amount; but before you

can find a verdict in favor of the plaintiffs in any amount you must also find that the setting out of such fire was negligent, and, further, that the spreading of said fire to the lands of plaintiffs was by reason of the negligence of the defendants, or of either of them, in failing to use ordinary care and prudence in watching, guarding, and attending to said fire in order to prevent it from spreading to the lands of plaintiffs.'' And the other two instructions are substantially to the same effect as number seven. This instruction means that no carelessness of respondents in setting out fire on their land would make them liable, although the fire thus carelessly set spread to appellants' land and did damage there, if after such fire had been by them carelessly started they had used due care and made all reasonable though unavailing efforts to prevent the fire from spreading onto plaintiffs' land. But this is not the law. The conditions—as to combustible materials on the land, the season of the year, dryness, the topography of the country, prevailing winds, etc.—may be such that setting out fire on the land would be intrinsically dangerous, and would naturally result in a combustion that would reach adjoining lands. Under such circumstances, setting out fire would be a highly negligent act, and if it became the approximate cause of damages to adjoining land, the party setting out the fire would be liable for the damage, no matter how strenuously he afterwards endeavored to prevent its spread. By instruction number eight, given at respondents' request, the jury are charged that if respondents used ordinary care and skill to prevent the fire from extending to defendants' land, but in spite of such care it did spread to such land and did the alleged damage, respondents are not liable. This instruction is erroneous, because it entirely ignores the averment that respondents negligently set out the fire. Moreover, there are other instructions given at respondents' request which must have left the impression on the jury that appellants could not recover unless they had proved that respondents had set out the fire, and set it out negligently. For instance, the first part of instruction number eleven is as follows: ''I further charge you that the defendants are not bound to prove to you that they did not set out the fire complained of, nor are they bound to prove who, if anybody, did set out said fire,

but the plaintiffs are bound to prove to you by a preponderance of evidence that the defendants themselves, or one of them, did, in fact, set out the fire complained of.'' And the first part of instruction number twelve is to the same effect; and although the latter half of each of said instructions may, perhaps, when closely scrutinized, somewhat modify the first part, still the jury would naturally take the first part of said instruction as stating the law. For these reasons the judgment must be reversed. There are no other rulings as to instruction which call for special notice. Upon another trial instructions numbers one and two asked by appellant should be given, and there should be no other instructions inconsistent with or contradictory of said instructions numbers one and two. Appellants are entitled to recover if they show, by a preponderance of evidence, *either* that the damage was caused by a fire which respondents negligently set out on their own land, *or* that it was caused by a fire burning on their land, no matter how it originated, which respondents negligently permitted to extend on to the land of appellants.

The rulings as to admissibilty of evidence are not very important, and we are not prepared to say that they would warrant a reversal, even if erroneous. We think, however, that error was committed in at least three of said rulings. It was error to overrule an objection of appellants to the following question asked by respondents of the defendant Hughes when on the witness-stand: ''Did you on or about the 12th day of September last, or at any time subsequent thereto during that month, willfully, negligently, or carelessly, or willfully or negligently or carelessly, fail and omit to watch, guard, attend and look after the fire which has been described here?'' It was asking the witness to decide the very issue which it was the province of the jury to determine. Where a witness has stated in detail facts upon which he rests his conclusion, a case will not always be reversed because he has been allowed to state such conclusion, for his opinion usually has little weight with the jury; but under the law of evidence such a question is erroneous and should not be permitted. It was also erroneous to allow said Hughes to testify that he did not have any wish or desire to allow fire to extend from his land to that of appellants. It was

also error to refuse to allow appellants to prove certain facts relating to the testimony of respondents' witness Charles Wyman. This witness was a boy about thirteen years old, and he testified that on the morning of said September 12, 1900, the day the fire is alleged to have been started, he went from his home, with a younger brother, about six o'clock in the morning, in search of a cow. He described the route which he and his brother took to the gulch on respondents' land where the fire started, which was between three and a half and four miles from his home. He testified that he and his brother set fire to a rat's nest in said gulch; that they tried to put out the fire and could not do so; that, not wanting any one to see them, they went home by a route which he described, finding the cow on the way and driving her with them, and after going home went about a mile further to school and reached the schoolhouse before school opened. According to this story he must have traveled at least about eight miles. The appellants offered to prove that the route which Wyman said he took after setting the fire was so covered with brush and débris that he could not have traveled it. This offer was objected to as immaterial and not in rebuttal, and the objection was sustained. This ruling was erroneous. The evidence evidently tended to weaken the testimony of the boy, and should have been allowed.

We see no other points calling for special notice. There must be a reversal for errors in instructions to the jury as above noticed.

The judgment and order appealed from are reversed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.