[Civ. No. 1686.   First Appellate District.—March 14, 1916.]

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

Negligence—Destruction of Automobile by Fire—Sufficiency of Evidence.—In this action for damages for the destruction of an automobile by fire, through the defendant's negligence, while on storage in a warehouse located along the line of and adjacent to the right of way and railroad tracks of the defendant, it is held that the undisputed facts were sufficient to give rise to an inference of negligence on the part of the defendant's employees in not properly extinguishing the fires which they had set along such right of way in the vicinity of the warehouse to burn off the grass, and that such

facts were also sufficient to justify the finding that the fire in question came from the defendant's tracks and was the result of the negligent acts of its employees.

ID.—EVIDENCE—ORIGIN OF FIRE—OPINION OF FIRE CHIEF.—In such an action it is error to permit the chief of the fire department to give his opinion as an expert witness respecting the origin of the fire, as such question is one for the court or jury, but the admission of such evidence is not prejudicially erroneous where the facts upon which the opinion was based had already been presented in evidence.

APPEAL from a judgment of the Superior Court of San Benito County, and from an order denying a new trial. George H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

Frank McGowan, and Blaine McGowan, for Appellant.

Joseph T. O'Connor, and Coogan & O'Connor, for Respondent.

RICHARDS, J.—This is an appeal from a judgment and order denying a new trial in an action wherein the plaintiff recovered judgment in the sum of $350 damages for the alleged destruction of an automobile by fire, caused through the defendant's negligence. The case was tried by the court without a jury.

The evidence as to the origin of the fire, and also as to the alleged negligence of the agents of the defendant, as the result of which it is claimed to have spread to the warehouse in which the plaintiff's automobile was stored, was conflicting, but we think the following facts are fairly deducible from the record before us:

The plaintiff's assignor, L. H. Stevens, was, in the month of June, 1912, the owner of an automobile which he kept in a certain warehouse in the city of Hollister, and which was located along the line of and adjacent to the right of way and railroad tracks of the defendant in said city. Defendant through its agents and employees undertook to burn off the grass along its right of way in the vicinity of this warehouse. They ceased this work about 4 o'clock in the afternoon, and went away after apparently extinguishing the fires. About 5 o'clock Mr. Newton, an employee of the Hollister Warehouse Company, noticed that the men who had been attending to the

fires were gone, but that there were still a few smoldering fires along the defendant's right of way which he deemed dangerous to be left, so he took a watering can and went over and extinguished these, or at least thought he had done so. On the following morning, however, about 5:30 o'clock, a man named Tennant, not an employee of the defendant, noticed smoke arising from a pile of sawdust near the warehouse, and also observed a line of burnt grass extending from the defendant's tracks to the sawdust pile, where he found a smoldering fire, which blazed up when stirred and which had charred the sill of a box factory from which the sawdust had accumulated, and which factory adjoined the warehouse. He put water on the fire, and was satisfied that he had put it out, but at 10:30 o'clock of the same morning flames burst forth in the box factory, which spread to the warehouse and destroyed the automobile of the plaintiff's assignor. There is also some evidence that during the afternoon a fire had been burning on the other side of the defendant's right of way and about forty or fifty feet from the warehouse, but there was no evidence indicating that this fire had extended across the defendant's tracks.

We are of the opinion that the foregoing facts, which are practically undisputed, were sufficient to give rise to an inference of negligence on the part of the defendant's employees in not properly extinguishing the fires they had set along the defendant's right of way in the vicinity of this warehouse, and were also sufficient to justify the finding of the court that the fire in question came from the defendant's tracks and was the result of the negligent acts of its employees.

The appellant further contends that a prejudicial error was committed by the court during the course of the trial in permitting the chief of the fire department of the city of Hollister to answer questions propounded by counsel for plaintiffs calling for his opinion as an expert witness respecting the origin of the fire. The record shows that he had been at the head of the fire department of the city of Hollister for about twelve years; that a part of his duties was to investigate and render a report upon the origin of every conflagration calling for the services of his department; that the facts upon which he predicated his opinion upon the origin of this fire were those above set forth and which were already before the court from the lips of the other witnesses. We are of the opinion that the court committed an error in permitting this witness to give his

opinion as to the origin of this fire; and that the better reasoned line of authorities holds that the question as to the origin of a fire is not ordinarily one of expert opinion, but is a deduction which the court or jury is equally competent to draw from the visible facts presented in evidence. (*Sampson* v. *Hughes,* 147 Cal. 62, [81 Pac. 292]; *Norfolk & W. R. Co.* v. *Briggs,* 103 Va. 105, [48 S. E. 521]; *Chicago & E. I. Ry. Co.* v. *Ross,* 24 Ind. App. 222, [56 N. E. 451]; *Smaltz* v. *Boyce,* 109 Mich. 382, [69 N. W. 21]; *Insurance Co. of N. A.* v. *Osborn,* 26 Ind. App. 88, [59 N. E. 181]; *Haynie* v. *Baylor,* 18 Tex. 498.)

But, conceding that the court was in error in the admission of this evidence, it does not follow that the cause should be returned for retrial because of this error. The trial was before the court; and the facts upon which alone the opinion of the witness was based had already been presented in evidence. Upon these facts we think the court would have been fully warranted in making a finding in the plaintiff's favor. In fact, we think the court could not, from all the evidence before it, aside from the opinion of the fire chief, have fairly arrived at any other conclusion as to the origin of this fire. This being so, we are constrained to hold that the error of the court was not sufficiently prejudicial to justify a reversal of the case. (*Sampson* v. *Hughes,* 147 Cal. 62, [81 Pac. 292]; *Estate of De Laveaga,* 165 Cal. 607, [133 Pac. 307].)

The appellant's contention that the assignment to the plaintiff of the claim upon which the action was brought was insufficient we find to be without merit.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1916.