# NATIONAL LIVE STOCK INSURANCE COMPANY
## *v.* WOLFE.

[No. 9,226.    Filed March 7, 1917.]

APPEAL.—*Record.—Including Separate Causes.—Dismissal.*—Where the record on appeal embodies the proceedings in several separate actions, the appeal will be dismissed, since but one cause may be appealed in one record.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by the National Live Stock Insurance Company against Harry M. Wolfe. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*Mitchel S. Meyberg,* for appellant.

*Gardiner, Tharp & Gardiner* and *Padgett & Padgett,* for appellee.

IBACH, P. J.—On June 5, 1914, appellant filed in the court below a petition for the review of a proceeding and judgment in favor of appellee for $500 on a live-stock insurance contract. On September 12, 1914, appellee filed what purports to be an answer to such petition, in which he sets out, among other averments, in substance, that appellant has appealed from the original judgment, which it now asks to have reviewed, upon questions of law and fact, and that such appeal is still pending and undetermined and asks that the action be dismissed. On the same day appellant was ruled to reply to such purported answer. On September 17, 1914, and after the day ruled for reply, appellee filed a motion to dismiss said cause for failure of appellant to file reply. On September 25, 1914, among the proceedings had in said cause, the record discloses the following: "Comes now the defendant by his attorneys, and the plaintiff being called in open court to file reply to defendant's answer heretofore filed herein, and failing to appear in person or by attorney, it is now ordered by the court that the motion of said defendant heretofore filed to dismiss this cause, be, and the same hereby is sustained. It is therefore ordered and adjudged by the court that this cause be, and the same is hereby dismissed, and that said plaintiff pay all costs accrued herein."

On December 5, 1914, and at a succeeding term of said court, appellant by leave of court withdrew its complaint from the files. It appears from other pleadings that this same petition or complaint was again filed on December

5, 1914, and new summons issued thereon; the record, however, discloses no entry of filing. On December 10, 1914, appellee filed a motion to dismiss the complaint filed on December 5, 1914. The motion discloses, among other things, that on December 5, 1914, appellant withdrew its complaint from the files, and on the same day without leave of court and without changing any allegation or word of said complaint refiled said instrument as another complaint herein. Further facts are set out which are substantially the same as those set out in the former answer.

Among the records of the proceedings had in said cause on December 17, 1914, appears the following: "Comes again the parties by their respective attorneys, and now the court being sufficiently advised, sustains defendant's motion heretofore made to dismiss plaintiff's complaint filed Dec. 5th, 1914, and it is ordered by the court that the said complaint be restored to and remain as a part of the files of this cause. It is further ordered and adjudged by the court that the plaintiff pay the costs accrued herein by its said action, and to all of which orders and rulings of the court the plaintiff excepts." On February 9, 1915, upon motion of appellant, it was ordered by the court that the cause be redocketed as a pending cause. On the same date appellant requested and was granted permission to file a motion to set aside the "order heretofore entered dismissing said cause." On February 10, 1915, appellee filed a motion to strike out the motion of appellant heretofore filed to reinstate said cause on the docket, as a pending cause. Each of said motions were accompanied by affidavits.

Among the proceedings had in said cause on February 16, 1915, the record discloses the following: "Comes again the parties by their respective attorneys, and the motion of the said defendant heretofore filed to strike from the files, motion of said plaintiff to reinstate said cause, is now by the court sustained, to which ruling of the court the plaintiff at the time excepts. It is ordered by the court that the

plaintiff's motion to reinstate said cause on the docket be, and the same is hereby stricken from the files, to which order of the court the plaintiff at the time excepts. Now comes said plaintiff and prays an appeal of said cause to the appellate court of the state of Indiana, and now the court fixes the appeal bond,'' etc.

Appellant filed an appeal bond from which it appears that it is appealing from a judgment rendered on the — day of September, 1914. The term-time appeal was afterwards abandoned and the appeal sought to be perfected as a vacation appeal. The sufficiency of the notice issued below is not questioned and will not be discussed here.

The errors assigned in this court are as follows: 1. The court erred in sustaining defendant's motion to dismiss plaintiff's cause of action. 2. The court erred in sustaining defendant's motion filed December 10, 1914, to dismiss plaintiff's complaint that was filed December 5, 1914. 3. The court erred in dismissing plaintiff's complaint that was filed December 5, 1914. 4. The court erred in overruling plaintiff's motion to set aside the court's order of dismissal of plaintiff's cause of action. 5. The court erred in sustaining defendant's motion to strike from the file the plaintiff's motion to reinstate the said cause and striking the said motion from the file. 6. The court erred in striking from the files plaintiff's motion to reinstate plaintiff's complaint.

Much confusion and uncertainty characterize this appeal. The record apparently embodies the proceedings in three separate actions, and is authenticated by one certificate of the clerk of the trial court.

A question quite analogous was presented to our Supreme Court in an early case (*Rich* v. *Starbuck* [1873], 45 Ind. 310), and the court there said: ''The transcript contains a complete record of two distinct and separate actions. * * * The statute allows appeals from judgments in the circuit and common pleas courts, but it does not contemplate that several judgments shall be included in one tran-

script, and brought to this court in one appeal, simply because they are between the same parties, and relate to the same subject-matter. * * * We are not willing to sanction the practice of appealing two causes in one record, and thus uniting them in one appeal.'' See, also, *Roach* v. *Baker* (1896), 145 Ind. 330, 332, 43 N. E. 932, 44 N. E. 303; *Glass-burn* v. *Deer* (1895), 143 Ind. 174, 182, 41 N. E. 376; Elliott, App. Proc. §197.

This court cannot give its approval to such method of appeal. Appeal dismissed.

NOTE.—Reported in 115 N. E. 338.