MERCANTILE COMMERCE BANK AND TRUST COMPANY, TRUSTEE ET AL. *v.* THE DEPARTMENT OF FINANCIAL INSTITUTIONS OF THE STATE OF INDIANA, ETC.

[No. 15,335. Filed December 15, 1936.]

*Ross E. Meyers, James L. Cheatam, Thompson, Mitchell, Thompson & Young, McGinnis, Waller & McGinnis, James T. Walker* and *Henry B. Walker,* for appellants.

*Winfield K. Denton, W. C. Welborn* and *Milford M. Miller,* for appellee.

KIME, J.—The Department of Financial Institutions of the State of Indiana was liquidating the Central Union Bank of Evansville, Indiana. In the process of that liquidation on November 24, 1933, the Mercantile

Commerce Bank and Trust Company, and Thomas I. Glannon, as trustees for the note holders under the deed of trust of the Evansville Morris Plan Company and supplemental agreement of the Central Union Bank filed an intervening petition alleging that they were the holders in trust of certain first mortgage real estate notes executed by the predecessors in title of the Central Union Bank building, all as evidenced particularly by deed of trust and mortgage and that by virtue of such instruments they were entitled to have the sum of $412,500.00 together with interest thereon allowed to them as a first and paramount lien upon the real estate whereon the Central Union Bank building was located and that the income derived from the operation of said bank building be set aside and segregated for their sole use and benefit. On February 23, 1934, the court rendered a judgment to the effect that the appellants, trustees, had a first lien on the real estate in question and ordered that the income from the operation of said building be segregated, and continued for determination the question of whether or not said trustees were entitled to have said balance due under said deed of trust and gold notes allowed as a general claim.

Following this, on March 21, 1934, the Mercantile Commerce Bank and Trust Company, Trustee, filed a separate petition asking that the interest due on the first mortgage bonds, which was payable semi-annually and due on March 15, be paid without any deduction for taxes. On June 8 the court rendered a separate judgment to the effect that the claim of the appellant trustees was not a general claim which was the question continued on the intervening petition filed November 24, 1933. On this same date the court also rendered another judgment to the effect that appellant trustees were entitled to have the net income from the operation of the building paid to them. The record does not dis-

close that there was ever a final judgment rendered on the petition for the payment of interest due March 15, 1934.

Thereafter the appellants filed their separate and several motions for a new trial assigning as grounds or reasons therefor that the court erred in the assessment of the amount of recovery in that it was too small and that the decision of the court was contrary to law and was not sustained by sufficient evidence.

There is no indication in the motion for new trial as to which of the judgments it is applicable. Following the overruling of the motion for new trial the appellants prayed an appeal and assigned as error in this court that: (1) the trial court erred in overruling the motion of the appellants for the payment of the interest due March 15, 1934; (2) that the court erred in denying the motion for the payment of interest due March 15, 1934; (3) that the court erred in denying and overruling the motion for the payment of interest due March 15, 1934, without deduction for the payment of taxes upon the Central Union Bank building; and (4) that the court erred in ordering the appellee to pay the first installment of taxes for the year 1933 out of the segregated fund derived from the income and operation of the building; (5) that the court erred in directing that the taxes upon the bank building be paid out of the income; (6) that the court erred in disallowing appellants' claim in the sum of $412,500.00; (7) that the court erred in disallowing the appellants' claim as a general claim against the assets of the Central Union Bank; (8) that the court erred in denying the petition to have the balance due under their deed of trust, namely, the sum of $412,500.00, allowed as a general claim without the surrender of their security; and (9) that the court erred in overruling appellants' motion for a new trial.

The appellee has filed a motion to dismiss this appeal

and contends, among other things, that the assignment of error in the name of Mercantile Commerce Bank and Trust Company, corporate trustee, and Thomas I. Glannon, Individual Trustee, does not properly place before this court the parties to the judgment or judgments below. In this contention they are correct. The assignment of error is the complaint of the parties here and this court only obtains jurisdiction over the parties named in the assignment of error. Here the court would only obtain jurisdiction over the Mercantile Commerce Bank and Trust Company and Thomas I. Glannon as individuals. They were not parties in their individual capacity below and it is only by naming them in the assignment of error in the same capacity that they were before the trial court that this court would acquire any jurisdiction whatsoever. The assignment as made here raises no question whatsoever affecting the judgment or judgments obtained in the trial court. *Jackson & Sons Company* v. *Dumont* (1936), post 503, 4 N. E. (2d) 580; *Whisler* v. *Whisler* (1903), 162 Ind. 136, 67 N. E. 984; *Bowman* v. *Swartz Electric Co.* (1923), 80 Ind. App. 373, 141 N. E. 62; *Rohrbaugh* v. *Leas* (1916), 63 Ind. App. 544, 114 N. E. 762.

In examining the record here we discover that there is an attempt to appeal from two separate judgments by one assignment of error. This court and the Supreme Court have heretofore decided that such is not proper practice and this is an additional reason why this appeal should be dismissed. *National Live Stock Insurance Company* v. *Wolfe* (1916), 63 Ind. App. 683, 115 N. E. 338, and *Rich* v. *Starbuck* (1873), 45 Ind. 310.

This court not having jurisdiction, the attempted appeal herein is dismissed.

Curtis, J., concurs in result.