TRUSLER *v.* GALAMBOS ET AL.

[No. 29,648. Filed April 18, 1958.]

196

*Butt, Bowers & Anderson,* of Evansville, for appellants.

*Douglas H. McDonald* and *McDonald & McDonald,* of Princeton, for appellee Louis P. Galambos.

PER CURIAM.—Appellants have filed one transcript, containing one general bill of exceptions, and one assignment of errors. The appellee Louis P. Galambos has filed a motion to dismiss the appeal. For the purposes of deciding the motion to dismiss, we may adopt part of the appellants' statement of the record in the trial court, contained in appellants' original brief on the merits, as follows:

"The Appellee, Louis P. Galambos, filed two actions in the Court below. One was against Appellant, Claude L. Trusler, and Appellees, E. Paul du Pont, Jr., R. Jacques T. du Pont and Farm Bureau Oil Company, Inc., and was entitled Cause No. 58-168 in said Court. It was in two paragraphs, the first paragraph of which seeks the dissolution of an alleged partnership, syndicate or joint venture commonly known as the 'Kentucky-Illinois syndicate' and an accounting. The second paragraph of said complaint seeks the dissolution of an alleged partnership, syndicate or joint venture commonly known as the 'Kentucky Syndicate' and an accounting. Under both paragraphs, said Appellee, Louis P. Galambos, sought the appointment of a receiver *pendente lite* to take charge of the property and assets of said alleged partnerships, syndicates or joint ventures and to sell and dispose of the same and to wind up the partnership business. . . .

"The second action filed by said Appellee, Louis P. Galambos, is one which shall be referred to, as a matter of convenience in this brief, as the 'corporate' suit or cause, and was against Appellants Ardee Oil Co. and Claude L. Trusler, individually and as Director and Vice President of said company, and against Appellees E. Paul du Pont, Jr., individually and as Director and President of said company, R. Jacques T. du Pont and Farm Bureau Oil Company, Inc. It was assigned Cause

No. 58-169 by the trial court. It was brought by said Appellee as a stockholder in said Ardee Oil Co. to recover $150,000.00 as lost income or dividends allegedly due and owing to him by said corporation as a part of an alleged conspiracy against him by all of the other said parties except Farm Bureau. Said Galambos alleged the insolvency of said corporation and requested the appointment of a receiver *pendente lite* to take charge of the properties and assets of said company, to operate and manage the same and receive and preserve the property and income therefrom to the persons rightfully entitled thereto.

"In both of said actions, Appellee Farm Bureau Oil Company, Inc. was joined as a party defendant only as a stakeholder as the purchaser of the oil and/or gas produced from certain oil and gas leasehold estates or interests therein which allegedly were owned either by said syndicates or by said Ardee Oil Co."

In each cause the court appointed a receiver; and from these separate interlocutory orders this appeal is prosecuted.

The general bill of exceptions containing the evidence discloses that at the beginning of the hearing the following statements were made by counsel:

"MR. BUTT: Is there anything in the record to indicate that these causes have been consolidated for the purpose of this hearing?

MR. McDONALD: No. I was under the impression that the record so showed. Are you objecting to the consolidation of them?

MR. BUTT: I believe there will be no objection.

MR. McDONALD: Let the record show that by agreement of the parties, for the purpose of this hearing on the application for a Receiver pendente lite, the evidence in cause No. 58-168 and No. 58-169 will be introduced in both cases at the same time."

The record fails to disclose that the court made an order consolidating the two causes as one cause, but the record does show the following entry:

"And now said parties stipulate and agree in open court, before commencement of the hearing of evidence herein that the evidence received upon this application and hearing herein may by the court be considered and received in this cause No. 58-168 as well as upon the application for hearing in cause No. 58-169 pending in this court upon application for receivership."

There is no general statute in Indiana authorizing the consolidation of causes in trial courts, although §43-706, Burns' 1952 Replacement, does authorize consolidation in actions to foreclose mechanics' liens. *Central States Gas Co.* v. *Parker Russell Mining, etc. Co.* (1925), 196 Ind. 163, 164, 142 N. E. 119. The rule is well settled in Indiana that trial courts do have the inherent power to consolidate causes in proper cases to expedite administration of justice. *Trook* v. *Crouch* (1923), 82 Ind. App. 309, 312, 137 N. E. 773; *Oldfather* v. *Zent* (1894), 11 Ind. App. 430, 432, 39 N. E. 221.

Rule 1-4A on consolidation, effective January 1, 1958, does not change the rules on consolidation approved in *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. 2d 219, hereafter noted.

The most recent and comprehensive statement of this court in the matter of consolidation is contained in *Russell* v. *Johnson* (1943), 220 Ind. 649, 658, 659, 46 N. E. 2d 219, *supra,* wherein the following Massachusetts ruling was cited and approved:

"(1) Where several cases are pending upon different causes of action, involving in substance but one question, a court has inherent power to

prevent the scandal to the administration of justice which would result from a trial of each case separately, and as one method of avoiding it may stay proceedings in all cases but one, and see whether the disposition of that one may not settle the others. Without tracing its history, this procedure is now firmly settled as a part of the common law. . . .

"(2) Where several causes are pending between the same or different parties which grow out of a single transaction or which involve an inquiry into the same event in its general aspects, although the details of evidence may vary materially in fixing responsibility, the court may order them tried together. But they continue separate so far as concerns docket entries, verdicts, judgments and all aspects save only the one of joint trial. This is a frequent practice, and finds many illustrations in our decisions. *Burke* v. *Hodge,* 211 Mass. 156, and cases collected at 159. *Commonwealth* v. *Robinson,* 1 Gray, 555, 560. *Commonwealth* v. *Seeley,* 167 Mass. 163. It is to a consolidation of this kind that reference was made by Mr. Justice Gray in *Mutual Life Ins. Co.* v. *Hillmon,* 145 U. S. 285, in saying at p. 293, 'But although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct, and required separate verdicts and judgments.' The effect of a consolidation of this character was stated by Lurton, Circuit Judge, in *Toledo, St. Louis & Kansas City Railroad* v. *Continental Trust Co.,* 36 C. C. A. 155, at p. 164, (95 Fed. Rep. 497, 506,) as follows: 'Such consolidation is primarily but an expedient adopted for saving costs and delay. Each record is that of an independent suit, except in so far as the evidence in one is, by order of the court, treated as evidence in both. The consolidation does not change the rules of equity pleading, nor the rights of the parties, as those rights must still turn on the pleadings, proofs, and proceedings in their respective suits. The parties in one suit do not thereby become parties in the other, and a decree in one is not a decree in the other, unless so directed.' [Citing cases.]

"(3) When several cases are pending which might have been made the subject of a single suit or action, the court may enter an order which shall fuse the several proceedings into a single one. The original actions lose their identity and become merged into the one in which alone the rights of the parties will be determined. Thereafter they are conducted not as separate and distinct actions or suits, but as one. In suits in equity, where there are several different parties but the same *res* is the subject of the litigation, or where there is such identity in the nature of the proceeding, the interests of the parties or the relief to be afforded as to require or render highly expedient a unification of divers proceedings, an order of consolidation in appropriate instances may bring all into one suit. *Smith* v. *Butler,* 176 Mass. 38, illustrates this kind of consolidation. . . ." Rugg, C. J. in *Lumiansky* v. *Tessier* (1912), 213 Mass. 182, 188, 189, 99 N. E. 1051, 1053, 1054.

If it be assumed that the two causes pending in the trial court could have been consolidated so that the causes of action were fused, as would be the case under the statutory consolidation of causes to foreclose mechanics' liens, it is to be noted that there was no order of court in the appeal at bar so consolidating the causes. What we find here is an illustration of the second class of consolidations noted by the Massachusetts court. If causes are to be consolidated so that the actions are fused into one, there should be an order of court so doing. 5 Lowe's Works' Indiana Practice, Form 4.11, p. 25; 1 Thompson's Indiana Forms (2d Ed.), Form 682, p. 491; *Oldfather* v. *Zent* (1894), 11 Ind. App. 430, 39 N. E. 221, *supra.*

We have not been cited to any case in this jurisdiction, nor do we know of any such case, where the court for convenience merely tried two causes at the same time under an agreement that the evidence might be considered in each, where it has been

held that the causes were merged or fused so that one finding and one judgment would be proper.

If the judgments are separate in separate causes, the rule is clear appeals cannot be prosecuted by one transcript and one assignment of errors. "The statute allows appeals from judgments in the circuit and common pleas courts, but it does not contemplate that several judgments shall be included in one transcript, and brought to this court in one appeal, simply because they are between the same parties, and relate to the same subject-matter. Nor does Section 558, 2 G. & H. 273, authorize the clerk to blend and join two separate and distinct judgments in one record, and authenticate them by one certificate. The transcript in each cause must have a separate certificate, to entitle it to recognition by this court on appeal, when objection is made. We are not willing to sanction the practice of appealing two causes in one record, and thus uniting them in one appeal." *Rich* v. *Starbuck* (1873), 45 Ind. 310, 312, 313. This case was followed in *National Live Stock Ins. Co.* v. *Wolfe* (1917), 63 Ind. App. 683, 115 N. E. 338, and *Mercantile Commerce Bank & Tr. Co., Tr.* v. *Dept. of Fin. Insts.* (1936), 103 Ind. App. 43, 46, 5 N. E. 2d 141.[1] The record discloses that the trial court made no order consolidating one cause into another, nor did it consider that the causes were consolidated by fusing them into one action. A receiver was appointed in each

---

1. In *Roach* v. *Baker* (1896), 145 Ind. 330, 333, 334, 43 N. E. 932, 44 N. E. 303, the consolidation record entry stated: " 'By agreement of parties herein, the court now hears the evidence at the same time in both matters, that is in the petition for a writ of assistance on the part of said Clark, and also on the part of said Baker, against said Roach, and the evidence by one shall be considered in the action for the other.' "

The court held there was "no consolidation of the causes in the trial court."

cause, and in each he filed a separate acceptance, oath and bond. Appellants filed separate praecipes and appeal bonds in each cause. An appeal by one transcript and one assignment of errors is not permitted any more than if the separate causes had been tried at separate times. The motion to dismiss should be sustained.

Appeal dismissed.

NOTE.—Reported in 149 N. E. 2d 550.