## ALABAMA & VICKSBURG RAILWAY COMPANY *v.* DORSEY BARRETT.

1. **RAILROADS.** *Fires. Circumstantial evidence.*

   That a fire was started by sparks negligently permitted to escape from a railroad locomotive, can be proved by circumstantial evidence.

2. **SAME.** *Proximate and remote damages.*

   If a railroad company negligently permit live sparks to escape from its locomotive and ignite grass upon lands adjoining its right of way, from which the fire spreads and destroys property on the lands of another, not adjoining the right of way, it will be liable therefor, and cannot escape on the claim that the damages are too remote, since such damages are the natural and direct consequences of its negligence in causing the fire.

3. SAME.    *Time and distance.*

     Neither time nor distance, nor both, are conclusive of the remoteness of damages, but are proper to be considered, under the circumstances of a case, in determining whether damages be proximate or remote.

4. SAME.    *Prima facie case.*    *Evidence.*    *Code* 1892, ¿ 1808.

     Proof that a fire was started by the escape of live sparks from a railroad locomotive, causing damages to plaintiff, makes out a *prima facie* case.   Code 1892, ¿ 1808.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Mrs. Barrett, the appellee, was the plaintiff and the railway company, appellant, was defendant in the court below.

From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are sufficiently indicated by the briefs of counsel and the opinion of the court.

*Mc Willie & Thompson,* for appellant.

It appears from the declaration that the lands, the burning over of which is complained of, do not adjoin the railway track or its right of way, but is separated from the right of way by the lands of another; and the evidence shows that they are separated from the right of way by the lands of two other persons and is considerably distant from it; therefore we insist that the plaintiff has no cause of action against the railway company; the damages are too remote. It further appeared that the fire started off the defendant's right of way, but near its edge, that it started, or rather was discovered before it had burned over any considerable area, soon after the passage of one of defendant's trains; in fact, there was evidence that two fires were discovered after the passage of the train, and the court below assumed that this was sufficient to make out a *prima facie* case against the defendant. We claim that the evidence did not make out a *prima facie* case for the plaintiff.

However, to meet the assumed *prima facie* case, the defend-

ant offered evidence which we think showed conclusively that the defendant was not guilty of negligence in the premises. It was shown that the engine was properly equipped with the best and most approved spark arresters, that it was properly run and manned in every respect by a competent engineer and fireman, and that the company's right of way was free from combustible material, consequently, if a *prima facie* case were made out against it, the defendant met that case and exculpated itself from all blame.

The Court of Errors and Appeals of New York (the highest court of that state) recently decided that a railroad company is not liable to the owner of lands burned over by a fire which it negligently originated, if to reach the lands in question the fire had to burn over the premises of another proprietor. *Hoffman* v. *King*, 160 N. Y., 618, s.c. 73 Am. St. Rept., 715, citing many cases in support of the doctrine that under such circumstances the damages are too remote. We trust the court will read the opinion of Haight, J., in that case; we adopt it as our brief. The courts of Pennsylvania decide the same way. Whatever may be said of decisions adverse to us on the proposition, we submit that they ought not to be followed, and that the New York court announces the correct rule. But, should the above contention be resolved against us, the evidence in the case at bar fell short of making out a *prima facie* case for the plaintiff. That even if two fires were discovered near the railway track shortly after the passage of an engine, does not connect the railway company therewith. In the court below the Tribette case (*Tribette* v. *Illinois, etc., R. R. Co.*, 71 Miss., 212), was counted upon. That case went to the extreme limit, and it would not, we think, have been decided as it was, had not a witness sworn that he saw live sparks escape from the engine and ignite the grass near the right of way, thus affirmatively connecting the fire with the engine. Had the witness in that case simply discovered a fire, or two fires, shortly after the passage of the engine, it would have been like the case at

bar; but there is a broad distinction between seeing live sparks fall from an engine and at once ignite the grass, and discovering fires shortly after the passage.

Even resolving both of the above contentions against us, the uncontradicted evidence of appellant that it was not negligent, entitled it to a verdict and judgment in its favor; the peremptory instruction in its favor ought to have been given, and the motion for a new trial should have been sustained.

*Williamson, Wells & Croom,* for appellee.

Section 1808, code of 1892, applies in cases of damages by fire to property communicated by sparks from locomotives, and proof of injury to plaintiff's property by fire produced by sparks from defendant's locomotive puts the burden on defendant company to relieve itself of liability for negligence. *Louisville, etc., Ry. Co.* v. *Natchez, etc., R. R. Co.,* 67 Miss., 399.

It certainly is not necessary to show by an eyewitness that he saw the sparks come out of the smokestack, fall on the grass and originate the fire. If the circumstances proved convince the jury that the fire originated from a spark from a locomotive of defendant falling on the grass, they should so find, and the jury surely are to determine how the fire originated from a consideration of all the facts and circumstances in evidence. Any fact may be established by proof of circumstances competent in law to show it. *Louisville, etc., Ry. Co.* v. *Natchez, etc., R. R. Co.,* 67 Miss., 399.

If a railway company negligently set fire on its right of way or on land adjoining the right of way, it is liable for the consequences which naturally result from the spread of the fire across its own or other person's property, to the injury and damage of the owner of the property adjoining. *Tribette* v. *Illinois, etc., R. R. Co.,* 71 Miss., 212; *Peoffers* v. *Missouri Ry. Co.,* 67 Mo., 715; *Chicago, etc., R. R. Co.* v. *Williams,* 131 Ind., 30; note, "Fires," p. 45 Whit. & Smith on Neg-

ligence (enlarged ed.), and numerous authorities there cited; *Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. Appeals, 213.

In one of the cases cited the fire spread five miles, after smouldering nearly out at night, and started again next morning and spread across various persons' property. The defendant was held liable for negligence in starting the fire.

The court will observe that the defense of the railway company is simply that it had the best and most approved appliances for arresting sparks on the locomotive, and therefore the fire could not have originated from a spark emitted by the engine in question. When fire is started in grass along the right of way a few minutes after an engine had passed, and it is shown that no person and no fire was in the vicinity at the time, this is sufficient to justify a jury in finding that the fire was thrown or scattered from the engine. *Hansen* v. *Milwaukee Ry. Co.,* 29 Minn., 12; *Railway Co.* v. *Oakes,* 26 S. W. Rep., 1116 (Texas Civil App.); *Minn., etc., Ry. Co.* v. *Kincaid,* 29 Kan., 654; Whit. & Smith on Neg. (enlarged ed.), p. 88, notes; *Kinney* v. *Hannibal,* 80 Mo., 573.

The plaintiff proved in this case that the defendant's locomotive and train passed the place where the fire broke out, and within two or three minutes the fire broke out very near the railway track, and spread from place to place and field to field and destroyed plaintiff's property, after passing through the Barton place, which was burnt over.

WHITFIELD, C. J., delivered the opinion of the court.

There is no more reason why circumstantial evidence should not be sufficient to establish the fact that a fire was caused by sparks from a railroad locomotive, and that it was so caused negligently, than that it should not be sufficient to establish any other fact susceptible of proof in that way. The damages were the natural and direct consequence of the negligent act of the defendant in setting the fire. This court has held that proof of such fire and damage from it makes out a *prima facie*

case. *Louisville, etc., Ry. Co.* v. *Natchez, etc., R. R. Co.*, 67 Miss., 399, s. c. 7 South., 350.   The defendant did not meet this burden of explanation and exculpation.   This court is also committed to the doctrine that the owner of property destroyed by such a fire, though his property be not on land adjoining the railway, and is only reached by the fire after it has burned its way across the land or buildings of another, can recover for such loss against the railroad company (*Tribette* v. *Illinois, etc., R. R. Co.*, 71 Miss., 212, s. c. 13 South., 899); and it is the well-settled doctrine, according to the overwhelming weight of modern authority.   Among many cases, see *Railroad Co.* v. *Williams*, 131 Ind., 30, s. c. 30 N. E., 696; *Poeppers* v. *Railroad Co.*, 67 Mo., 715.   We have carefully read the opinion of Haight, J., in *Hoffman* v. *King*, 160 N. Y., 618, s. c. 55 N. E., 401, s. c. 73 Am. St. Rep., 715, s. c. 46 L. R. A., 672, as well as the opinion of the two dissenting justices, and regard the dissenting opinion as much the more accurate statement of the law.   In that case the fire had burned two days, and passed over more than two miles of country before reaching the plaintiff's land.   We do not mention these facts, however, as determinative, for in the true logical view, neither time nor distance, nor both, are conclusive of the remoteness of the damages, but are proper elements to be looked to in the particular circumstances of each case in arriving at a conclusion as to whether the damages are, in any given case, the proximate or remote consequence of the defendants act.

*Affirmed.*