WARDLAW *v.* SOUTHERN RY. CO.

[84 South. 177. In Banc. No. 21085.]

1. RAILROADS. *Negligence in respect to fire started by sparks from engine held for the jury.*

In an action against a railroad for loss occasioned by fires caused by its negligence, where the plaintiff proves that sparks were escaping from its engine shortly before the fire was discovered, and makes proof that the fire caught on the roof of the building next to the railroad, and close to its right of way, and that no fire was in the building at and before the discovery of the fire, and negatives other causes of fire the mere fact that witnesses for the defendant testify that the engine was properly equipped with a spark arrester and was operated carefully will not justify a peremptory instruction for the defendant. It is for the jury to pass on the credibility of the witnesses and on conflicting facts.

2. RAILROADS. *Not liable for fires not caused by its negligence.*

A railroad company is not liable for fires not caused by its negligence, unless made so by statute; and if the jury believe the testimony offered by it, that it had equipped its engine with a proper spark arrester and other appliances, and that the engine was not negligently operated, then the verdict

should be for the defendant, in the absence of a statute making it liable for all fires originating from the operation of its engine.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by J. W. Wardlaw against the Southern Railway Company. Peremptory instruction granted for defendant, and plaintiff appeals. Reversed and remanded.

*W. C. Sweat,* for appellant.

Under the facts in this case, the question of the negligence of the Railway Company should have been submitted to the jury. It was clearly not a case for a peremptory instruction. From the circumstances developed by the testimony of plaintiff's witnesses, which was not attempted to be rebutted by the defendant, the fire was clearly shown by circumstantial evidence to have been started from the defendant's locomotive.

It has been held by this court, as well as by the courts of Tennessee, in which state this property was situated, that proof that the property was set on fire by sparks emitted from a railway locomotive can be made by circumstantial evidence. *Tribett v. R. R. Co.,* 71 Miss. 212; *A. & V. R. R. Co.* v. *Barrett,* 78 Miss. 432; *Simpson* v. *E. Tenn. R. R. Co.,* 5 Lea, 456; *Burke* v. *L. & V. R. R. Co.,* 7 Heisk. 451, 19 Am. Rep. 618.

This incident happening in Tennessee, the court held that our statute governing liability of railroads for fire sent out along its right of way did not apply, and that the common-law rule of liability did apply; and under the common-law rule of liability, when the defendant had shown that the engine was properly equipped and properly handled the presumption of negligence arising from the setting out of the fire was overcome and the defendant entitled to a peremptory instruction. However, under the above testimony, it is shown for the

railroad company that the engine was not properly equipped, and it is clearly shown by circumstantial evidence that the house was set on fire by sparks emitting from this engine.

The court below held that the law in Tennessee applied and granting that the law as it is in Tennessee does apply the Tennessee courts, in a case almost identical with the case at bar, held that the Railroad Company was liable. *Burke* v. *L. & N. R. R. Co.,* 7 Heisk. 451.

In that case as in the case at bar, the house which was situated near the railroad company's right of way, had been set on fire by sparks from the railroad company's locomotive, the fire being first discovered on top of the house as in the case at bar, the evidence being entirely circumstantial. The railroad company introduced witnesses to show that the engine was properly equipped and properly handled, as in the case at bar; and the engine inspector testified that the engine was carefully inspected just before the trip was begun and that it was found to be in perfect order, and provided with all the improvements necessary to prevent injury or accident by fire.

Upon cross examination, the witness stated that if the smokestacks were right, they would not throw out any sparks large enough to do damage, and if they did emit sparks of immense quantities, it would be evidence that they were out of repair. *Burke* v. *L. & N. R. R. Co.,* 7 Heisk. 458.

Under the evidence, the Tennessee courts held that it was proper to submit the question to the jury. To the same effect is the case of *Simpson* v. *R. R. Co.,* 5 Lea, 456; Sec. 2234 of Thompson on Negligence (2 Ed.), pp. 796-797.

As to whether or not there was negligence on the part of the railroad company, when the defendant had introduced its testimony tending to rebut the evidence, is

in nearly all cases a question for the jury. It is well said in Thompson on Negligence (2 Ed.), sec. 2287, pp. 839-840. Furthermore, this court has held that section 1985 of the Code of 1906; sec. 1645, Hemingway's Code, prescribed a rule of evidence. *Myers* v. *Lamb-Fish Lbr. Co.*, 106 Miss. 776, 64 So. 727; *Easterling Lbr. Co.* v. *Pierce*, 106 Miss. 672, 64 So. 651.

This court has further held in the case of *Illinois Central* v. *Thomas*, 109 Miss. 534, 68 So. 773, where it is shown that where fire was sent out from the railroad locomotive, negligence would be presumed; and the question is, has the railroad by the testimony which was introduced by the two witnesses, overcome this presumption to such an extent as to leave no doubt as to whether or not the railroad company was negligent and thus entitled the defendant to a peremptory instruction. The appellant says that the railroad company has not met the burden thus thrust upon it by the law.

In the leading case of *Tribett* v. *R. R. Co.*, 71 Miss. 229, it is shown as was shown here, that when a spark arrester is in good condition and the engine working properly, the sparks which fly from an engine are beaten into minute particles and are rendered harmless. In that case it was shown as in the case at bar, by railroad witnesses that the engine had been properly examined and was properly performing its function and was properly handled, but it was shown by the witnesses that sparks were seen flying from the engine by a party one hundred feet away and that grass was set on fire beyond the right of way. It is shown in the case at bar that sparks were seen flying from the engine between 9:00 and 11:00 o'clock in the daytime and that appellant's house which was fifteen or twenty feet beyond the right of way, was set on fire.

In the case above referred to the court in speaking of the question as to whether or not a peremptory instruction should have been given, used the following lan-

guage: "This court has further held in the case of *Illinois Central* v. *Thomas,* 102 Miss. 534, 68 So. 773, where it is shown that fire was sent out from the railroad locomotive, negligence would be presumed; and the question is, has the railroad by the testimony which was introduced by the two witnesses, overcome this presumption to such an extent as to leave no doubt as to whether or not the railroad company was negligent and thus entitled the defendant to a peremptory instruction. The appellant says that the railroad company has not met the burden thus thrust upon it by the law.

In the leading case of *Tribette* v. *R. R. Co.,* 71 Miss. 229, it is shown, as was shown here that when a spark arrester is in good condition and the engine working properly, the sparks which fly from an engine are beaten into minute particles and are rendered harmless. In that case it was shown, as in the case at bar, by railroad witnesses, that the engine had been properly examined and was properly performing its function and was properly handled, but it was shown by one witness that sparks were seen flying from the engine by a party one hundred feet away and that grass was set on fire beyond the right of way. It is shown in the case at bar that sparks were seen flying from the engine between 9:00 and 11:00 o'clock in the daytime and that appellant's house, which was fifteen or twenty feet beyond the right of way, was set on fire.

In the case above referred to, the court, in speaking of the question as to whether or not a peremptory instruction should have been given, used the following language:

That the minute particles of coke, which only can escape through a proper spark arrester, as testified by appellee's witnesses, could have been so seen by Harvey, or that they could have set grass afire at the distance he describes, is incredible. But, in determining

the rightfulness of the court's action in charging per-
emptorily for the appellee we are bound to assume the
absolute credibility of all the evidence of the plaintiff
below. The right to withdraw the case from the jury
rests upon that very assumption in favor of the plain-
tiff's evidence. In peremptorily instructing for the de-
fendant below, the learned judge virtually said the ab-
solute verity of Harvey's evidence is to be assumed;
but, granting the assumption, it raises no issue, it pre-
sents nothing for the jury's determination. But were
there disputable facts? Was there only one inference
to be drawn from all the evidence? Would all men of
reason be shut up to one inevitable conclusion? If not,
the case should have been submitted to the jury. Wher-
ever there is any reasonable ground for diversity of
opinion, it is the judgment of twelve men which should
be called to decide, and not that of one. *Tribette* v. *R.
R. Co.,* 71 Miss. 231.

If the testimony in the Tribette case was sufficient to
go to the jury, the testimony in the case at bar is cer-
tainly amply sufficient to be submitted to a jury and is
not a case for a peremptory instruction.

We respectfully submit that the peremptory instruc-
tion given for the defendant should not have been given,
but that the matter should have been submitted to the
jury for decision under proper instructions; and that
this case should be reversed and remanded for a new
trial.

*J. M. Boone,* for appellee.

The fire about which this suit was brought occurred
in the state of Tennessee. This appeal is taken to re-
view the action of the court below in granting a per-
emptory instruction for the defendant. From the read-
ing of this record, the action of the court will appear
to be perfectly correct. The railroad company testified

that the appliances in use are those in common use, of approved pattern and in reasonably good repair. *Clisby* v. *M. & O.*, 78 Miss. 934, next to the last sentence in said case.

The proof shows in this case that the defendant's engines were equipped with the proper spark arresters and of the pattern and kind of those in common use.

The rule of law everywhere is and always has been that in actions for negligence for setting out fire by locomotives, it is absolutely necessary for the plaintiff to show that the fire was set out by the locomotive. This proof is indispensible and is not aided by any presumption, but the plaintiff's case must stand or fall upon whether or not the fire was set by the locomotive, if he fails in this, then the whole case falls.

Thus we may concede that this fact may be proven by circumstantial evidence, yet, in this case the fact that the fire was set by a locomotive was not attempted to be shown by positive testimony, and the circumstances relied upon are not sufficient to establish anything more than speculation or a mere possibility. It is not necessary to cite authorities to sustain the position that a verdict will never be permitted upon mere speculation, conjecture or mere possibilities, and we contend that the most that can be said for the evidence in this case places it in that category.

The main case relied upon from Tennessee by appellant in his brief is the case of *Burk* v. *L. & N. Railroad*, 7 Hieskel 451. This Burk case seems to be a leading case in Tennessee and has been often approvingly cited by other courts, and it lays down the law as follows: "It may be observed that in an action like this the law requires that the plaintiff must not only prove that the fire which destroyed her property might have proceeded from the defendant's engine, but must show beyond a reasonable doubt that it did so originate," and cites

authorities to sustain the proposition, and while in that same opinion, it is recognized that the setting of the fire may be shown by circumstances, yet, the court says: "The jury must be careful not to base their verdict upon mere probabilities."

So that if the Tennessee law is to be looked to in determining this case the evidence in the record falls far below showing beyond a reasonable doubt that the fire was set out by the locomotive in this case, and falls under the condemnation of this Burk case that the jury must not base their verdict upon mere probabilities. This being the law of Tennessee it is very natural that upon this record the circuit judge would grant a peremptory instruction.

The evidence in this case not only falls far short of establishing that the fire was set out by a locomotive but it is also shown without any conflict that the locomotive and spark arrester was in proper shape. This was shown by the engineer and by the record of the inspector who inspected this locomotive as it left Sheffield and as it returned to Sheffield just before and just after this fire. The positive evidence in this case therefore demonstrates that the railroad had complied with the law. This positive evidence must prevail and has by all the courts everywhere been permitted to prevail as a defense unless there was evidence in the case such as the proof that large size sparks or unusual quantity of sparks were seen to emit from the locomotive and thereby cast doubt upon the positive evidence as to the condition of the locomotive and spark arrester, and in no case that I recall has this positive evidence been overthrown by the court unless there was some other positive evidence showing conditions existing that was out of harmony with a good spark arrester and therefore making a case for the jury.

ETHRIDGE, J., delivered the opinion of the court.

Wardlaw, the appellant, brought suit against the Southern Railway Company for the value of a house burned in the town of Pocahontas, Tenn., in which he alleges that the house was burned by sparks negligently permitted to escape from the locomotive of the defendant. The suit was for five hundred dollars, and the proof for the plaintiff was to the effect that the house burned was situated near the right of way of the railroad company and on the north side thereof; that the fire was discovered from twenty to forty minutes after the passage of one of defendant's freight trains; that the said train was emitting sparks when it passed, though the sparks were described as small sparks, and that the house caught fire on the roof on the side next to the railroad track; that there was no fire in the house that day, and there was no source from which the fire could originate known to the witnesses. Some of the witnesses went to the house after the discovery of the fire, and testified that there was no fire in the lower part of the house. The fire, when first seen, covered an area of about three feet square upon the roof.

The railroad company introduced witnesses who testified that the engine in question was equipped with a spark arrester having a mesh of from three-sixteenths to four-sixteenths of an inch, and the party who inspected said engine testified that in his opinion a spark which would pass through this netting would not carry and ignite as far as sixty or seventy feet beyond the track of the railroad. On cross-examination he testified that, if the spark did carry this distance and ignite the roof, in his opinion the spark arrester would not be in good condition. The engineer in charge of the engine in question testified that he observed no sparks from the engine, and that if the engine was throwing sparks of unusual size or quantity that he would have seen and

noted that fact.  In this state of the evidence the trial
judge granted a peremptory instruction for the defend-
ant railroad company.

In *Tribette* v. *I. C. Railroad Co.*, 71 Miss. 212, 13 So.
899, this court in a similar case said that in granting a
peremptory instruction the court assumes as true all
testimony tending to establish the issue in favor of the
losing party.  Such peremptory instruction should not
be given, where the evidence, in any view of it which
may be legally taken, is sufficient to warrant a judgment
for such party.  In that case it was held that the testi-
mony by a witness that, just before the fire, in 'open
daylight and at a distance of one hundred yards, he had
seen one of the locomotives, before reaching the station,
emitting sparks which set fire to the grass fifty feet
from the track, is competent, as tending to contradict a
showing by the defendant that the locomotives were in
good order, well equipped, and carefully handled, and,
in view of such testimony, it was improper to instruct
for the defendant.  In the present case it is insisted by
the appellee that the evidence is insufficient to overcome
the showing by the defendant, or to make an issue for
the jury, because there was no showing by any witness
that any of the sparks emitted actually ignited any-
thing, and that there was no showing by the witnesses
that the wind was blowing, so as to carry sparks such
a distance as the house was from the track.

We think the authorities establish the proposition
that where the sparks are carried beyond the right of
way, and where there is a showing of the absence of
other origin of the fire, or if the evidence establishes,
with reasonable certainty, the exclusion of other rea-
sonable origin of the fire, that the mere testimony of
the defendant that its engine was equipped with reason-
able appliances, including spark arresters in good con-
dition, and was operated in a reasonable manner, does
not destroy, of itself, the right of the jury to determine,

from all the circumstances taken together, whether the fire originated from the engine, and whether, if it did, it was the result of carelessness and negligence. *A. & V. Ry. Co.* v. *Barrett,* 78 Miss. 432, 28 So. 820, and authorities there cited. In such case, if the jury believe the testimony of the defendant to be untrue, they may find for the plaintiff. If they believe the testimony of the defendant is true—that is to say, that it had equipped its engine properly, and was operating its engine in a careful and proper manner—then the jury should find for the defendant.

We have carefully considered the evidence in this case, and are of the opinion that the case should have been submitted to the jury under proper instructions. The judgment will therefore be reversed, and the cause remanded.

*Reversed and remanded.*